OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. The cause of action to rescind the lease between plaintiff corporation as landlord and defendants as tenants, interposed more than six years after the execution of the lease, is time barred (see CPLR 213). Plaintiff’s reliance on section 235-c of the Real Property Law, enacted in July, 1976 after this action was commenced, is misplaced. That section, which provides *815 that a court may grant relief from an unconscionable lease or clause, does not revive a claim already time barred. An intent on the part of the Legislature to effect so drastic a consequence must be expressed clearly and unequivocally (Hopkins v Lincoln Trust Co., 233 NY 213, 215). The proviso in the amendment (L 1976, ch 828, § 2), making section 235-c effective immediately and "applicable to all leases, regardless of when executed”, at best is ambiguous and does not indicate an intention to resurrect a cause of action predicated on unconscionability (see Beary v City of Rye, 44 NY2d 398, 413). No such intention can be discerned from the isolated comment of the Assemblyman, quoted by the dissent, expressing concern about the possible implications of the statute. Indeed, the act was designed simply to codify the common-law doctrine of unconscionability and make clear that the defense is available in the landlord-tenant context (see Governor’s Memorandum on Approval of L 1976, ch 828, McKinney’s 1976 Session Laws of New York, pp 2447-2448).
Nor is there any merit to plaintiff’s alternative theory that an unconscionable lease constitutes a continuing wrong. The execution of the unconscionable lease is the event giving rise to a claim, notwithstanding that its effect may last the life of the lease. Thus, plaintiff’s cause of action accrued at the execution of the lease. The question of whether a defense of unconscionability would be available beyond the limitation period is not in issue here (see CPLR 203, subd [c]).