**TUCSON ELECTRIC POWER COMPANY, INC., Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION, Defendant.**

**No. CIV 83–471 TUC ACM.**

United States District Court, D. Arizona, Tucson Division.

Nov. 9, 1984.

Daryl A. Audilett, Kimble, Gothreau, Nelson & Cannon, P.C., Tucson, Ariz., for plaintiff.

Douglas L. Irish, Lewis & Roca, Phoenix, Ariz., for defendant.

## ORDER

MARQUEZ, District Judge.

This matter is before the court on a Motion for Summary Judgment filed by the defendant Westinghouse.

Plaintiff, Tucson Electric, entered into an agreement on April 1977 with defendant Westinghouse for a boresonic inspection of a low pressure rotor for an electrical generator. Following the inspection, Westinghouse recommended the replacement of the rotor. Plaintiff ordered the new rotor from defendant at a cost of over one million dollars. Westinghouse provided all of its inspection data to plaintiff in March of 1978. In July of 1982 plaintiff notified defendant that the inspection had been performed incorrectly. This suit followed in June 1983.

The original complaint alleged the negligent inspection of the rotor, negligent misrepresentation, breach of contract, and strict liability for innocent misrepresentation. On July 23, 1984 plaintiff moved to amend the complaint to include a claim for constructive fraud. This was an attempt by the plaintiff to avoid defendant's motion for summary judgment filed in April. This court permitted the amended complaint to be filed. Discovery in this case has already been completed.

Defendant's grounds in support of its motion for summary judgment are based on the April 1977 contract. That contract expressly limits warranties for any claim based on contract or tort including negligence to a reperformance of the inspection. The contract precludes the recovery of incidental or consequential damages. The reinspection period is limited to one year. Defendant contends that these provisions preclude recovery by plaintiff of the dam-

ages sought, the cost of the new rotor plus damages related to its installation.

Plaintiff's opposition to this motion asserts the theory of unconscionability. It claims that these contract provisions are unenforceable for that reason. Both parties request that this court apply the Arizona Uniform Commercial Code standard of unconscionability even though it does not directly apply. This court requested additional briefing as to the statute of limitations and agreed to withhold decision on this matter pending decision in another case presently before the Arizona Supreme Court.

The court has received the supplemental briefs and has reexamined the file. It no longer appears that the state court case will have any impact on this matter. This court will therefore proceed to rule on the motion for summary judgment.

▆▆▆ The issue of unconscionability will not be decided in this case. It is the conclusion of this court that the issue is not properly raised. At no time prior to the filing of the opposition papers did plaintiff indicate that this theory was to be pursued. It is not a part of the complaint nor can it be inferred from the allegations in the complaint.

When faced with a new theory raised for the first time in opposition to a motion for summary judgment, the Courts of Appeal have reached two different methods of deciding the issue. In *Murphy v. White Hen Pantry Co.*, 691 F.2d 350 (7th Cir.1982), the court upheld the district courts refusal to allow an amended complaint to include a new theory in order to avoid summary judgment. The new theory was asserted in the opposition to a motion for summary judgment and in a motion to amend the complaint. Discovery had been completed before the motion to amend the complaint was filed. The court stated:

> The liberal pleading policy in the Rules prevents dismissal of a meritorious action for purely formal or technical reasons. The district court is not required, however, to speculate over the nature of plaintiffs' claim or to refuse to enter

summary judgment for the defendant simply because the plaintiffs may, theoretically, be entitled to recover under a cause of action based on facts never alleged in the complaint.

*Id.* at 353.

In the present case, there are no facts asserted in the complaint indicating a theory of unconscionability. Plaintiff was permitted to amend their complaint but failed to assert this theory into this case. The issue of unconscionability is therefore not properly before this court. The court notes that the plaintiff has not even attempted to amend the complaint to allege facts or theories of unconscionability.

The second method of dealing with this problem was stated in the 5th Circuit case of *Sherman v. Hillbauer*, 455 F.2d 1236 (5th Cir.1972). In that case, the court required the district court to treat a new theory raised only in papers opposing a summary judgment motion as a motion to amend the complaint filed out of time. Because of the liberality of Rule 15 of the Federal Rules of Civil Procedure, such an amendment should be permitted whenever justice so requires.

▆▆▆ Even if this court treats the opposition papers as a motion to amend the complaint, this court will still not consider the argument. A complaint will not be amended if to do so would be frivolous or meritless and futile. *Slavin v. Benson*, 493 F.Supp. 32 (S.D.N.Y.1980); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1292–93 (9th Cir.1983). To allow unconscionability to enter the case at this point would be futile.

▆▆▆ The contract provisions claimed to be unconscionable were in an agreement entered into in April 1977. Suit was not filed until June 1983. A.R.S. § 47–2302, the applicable U.C.C. provision on unconscionability in Arizona law dictates that the contract terms must be found to be unconscionable at the time the contract was entered. This court can consider the facts at that time only, not subsequent events. The

traditional policy of the statute of limitations is to not only prevent plaintiffs from sitting on their rights but also to avoid prejudice to each side from loss of evidence due to the mere passage of time. Based on this policy and the dictates of the statute it must be concluded that the issue of unconscionability accrues for statute of limitations purposes at the time the contract is entered. *See, 35 Park Ave. Corp. v. Campagna,* 48 N.Y.2d 813, 424 N.Y.S.2d 123, 399 N.E.2d 1144 (1979). A.R.S. § 12–548 imposes a six-year statute of limitations for claims based on a written contract. Since this amendment would only relate back to the time the original complaint was filed, June 1983, it would be outside the six-year period and therefore barred.

■ Neither party here believes that the *35 Park Ave.* case is applicable here. This court disagrees. Plaintiff claims that it is asserting unconscionability in a defensive manner and therefore the statute of limitations is not applicable. *McQueen v. First National Bank of Mesa City,* 36 Ariz. 74, 283 P. 273 (1929). The theory is not being used defensively here at all but for offensive purposes. The affidavits attached to defendants supplemental Rule 11(i) statement indicate that a lower price was given for the inspection with the limiting language than would have been without such a limitation. Therefore, in effect, the plaintiff is attempting to partially rescind a contract for which it received consideration. By waiting until the opposition, plaintiff is attempting to do that which it would not be permitted to do by a direct attack in the complaint. There is no defensive assertion of the theory and therefore the court concludes that the statute of limitations applies.

It would then serve no purpose to treat the opposition papers as a motion to amend the complaint filed out of time. Accordingly, the issue of unconscionability is not properly before the court and will not be considered in regard to the motion for summary judgment.

■ Plaintiff next asserts that defendant is estopped from asserting the one year limitation period in the contract. Following the inspection, the defendant made alternative recommendations in December of 1977. Plaintiff was told to either replace the rotor or to return it to service for a period of two years at slower speeds, then to re-inspect it. Even if estoppel as to the one-year period was found to be present, it would not preclude the granting of summary judgment. The contract limits remedies to a reinspection of the rotor and in no case may damages exceed the contract price. The supplemental briefing indicates that plaintiff had a second opinion of the inspection on July 17, 1981. Yet, not until July 22, 1982 was any written request for claims made to the defendant and not until June of 1983 was legal action taken. Even had defendant originally misled the plaintiff, there could not have been any reliance justified after July 17, 1981. Since no formal action was taken for over a year after this date, the estoppel argument must fail.

■ This court is then left with a situation where the parties contracted to limit their remedies. They contracted away recovery of incidental and consequential damages as well as claims based on negligence. Since the contract terms control, defendant is entitled to summary judgment as to the breach of contract and negligence claims.

Plaintiff's other theories of recovery presently before this court (defendant expressly withheld application of the summary judgment motion on the new claim of constructive fraud) are negligent misrepresentation and strict liability for innocent misrepresentation. These claims are not based on the original April 1977 contract but rather on the theory that statements made after the inspection were designed to induce plaintiff to purchase a new rotor which it did not need.

■ This court is not certain whether Arizona law permits recovery for innocent misrepresentation under the Restatement of Torts 2nd § 552C. There have been no cases cited indicating that the Arizona courts have adopted this provision nor has the courts own research provided any cases. This issue need not be decided however, because even if such a claim were

**1106**

available, it would be barred here by the statute of limitations. Since plaintiff is seeking a return of the rotor purchase price plus costs during installation work, it appears that the claim would fall under the general statute of limitations, A.R.S. § 12–550, which provides only four years.

■ The misrepresentation, assuming one occurred, would have been in December of 1977 when defendant informed the plaintiff of its two alternatives. Since there is no allegation here of intentional concealment of the facts, the statute is not tolled for any period. *See*, A.R.S. § 12–543. The complaint was not filed until well over four years after the time of the misrepresentations. This cause of action is therefore also barred.

■ The final cause of action subject to this motion is negligent misrepresentation. The Arizona Supreme Court has held that this claim is one "governed by the law of negligence." *Van Buren v. Pima Community College*, 113 Ariz. 85, 87, 546 P.2d 821, 823 (1976). In *Hall v. Romero*, 685 P.2d 757 (1984), the Arizona Court of Appeals held that the two-year statute of limitations was applicable, A.R.S. § 12–542. The statute then begins to run when plaintiff knew or should have known of the misrepresentation. Plaintiff had in its possession the entire report and information about the inspection by March of 1978. The record is clear that the sole basis that plaintiff asserts for its claim that defendant made misrepresentations is a re-evaluation of the data collected by the defendant. Although the new rotor was ordered in December of 1977, it was not delivered and installed until two years later. The cost of the inspection was minimal compared to the expense of the new rotor. It would seem that the reinspection, since no new data would have been collected, should be even less costly.

Plaintiff then had several months prior to the actual delivery of the rotor to have the re-evaluation, yet no effort was made to obtain one for an extended period of time. Although plaintiff claims its policy was to rely on the original equipment manufacturers recommendation this does not

appear from the record to be a common practice. The record also shows that despite defendants being considered "leaders in the field", plaintiff does not appear to have had problems finding a suitable expert for the re-evaluation. It seems clear that others were available to perform the inspection but plaintiff made a conscious choice not to pursue a re-evaluation.

Since the potential cost of replacement was so high yet the expense of re-evaluation so low, it is the conclusion of the court that plaintiff should have obtained the second opinion prior to the installation of the new rotor. Plaintiff should then have known of the misrepresentations in 1978 or 1979, far more than two years before the suit was filed. This claim is therefore barred by the statute of limitations.

Accordingly, defendants are entitled to summary judgment on the four cases of action of negligence, negligent misrepresentation, strict liability for innocent misrepresentation and breach of contract. There remains in this case only a claim for constructive fraud.

· IT IS ORDERED that defendant's motion for partial summary judgment is granted.