■ POLEDAR REALTY, INC., et al., Appellants-Respondents, v M. HALLSTED CHRIST et al., as Trustees of FRED SCHUMACHER, JR., Deceased, Respondents-Appellants. DIVERSIFIED FORE PLAN ASSOCIATES et al., Appellants-Respondents, v M. HALLSTED CHRIST et al., as Trustees of FRED SCHUMACHER, JR., Deceased, Respondents-Appellants.—Order and judgment (one paper), Supreme Court, New York County (Burton S. Sherman, J.), entered February 6, 1990, which, *inter alia,* denied the motion of plaintiffs to dismiss the second affirmative defense and counterclaims, denied the cross-motion of defendants to dismiss the complaint, and *sua sponte* dismissed the complaint and counterclaims, upon the ground of lack of subject matter jurisdiction, is unanimously modified, on the law and on the facts, to the extent of vacating the order and judgment of dismissal, reinstating the complaint, and granting the motion of the plaintiffs to dismiss the second counterclaim for recision, and otherwise affirmed, without costs.

Order and judgment, same Court and Justice, entered February 9, 1990, which, *inter alia,* denied the motion of plaintiffs to dismiss the second affirmative defense and counterclaims, denied the cross-motion of defendants to dismiss the complaint, and *sua sponte* dismissed the complaint and counterclaims, is unanimously modified, on the law and on the facts, to the extent of vacating the order and judgment of dismissal, reinstating the complaint, and granting the motion of the plaintiffs to dismiss the second counterclaim for recision, and otherwise affirmed, without costs.

In July 1958, and November 1959, Mr. Fred Rudinger (Mr. Rudinger), as tenant, signed separate leases with Mr. Fred Schumacher, Jr., as landlord, concerning two different parcels of property, located in Herricks, Long Island. Subsequently, while under the 1958 lease, Diversified Fore Plan Associates (Diversified) succeeded Mr. Rudinger as tenant, and sublet the property to Herricks Fore Plan, Inc. (Herricks), under the 1959 lease, Poledar Realty, Inc. (Poledar) succeeded Mr. Rudinger as tenant, and sublet that property to the Purmil Co. (Purmil).

Both leases contain a paragraph, designated 31, granting each tenant options to renew its respective lease for two consecutive terms of twenty-one years. The wording of both paragraphs 31 is identical, and same provides that the tenant must exercise the first option to renew "not later than one (1)

year prior to the expiration of this lease", and must exercise the second option to renew "not later than one (1) year prior to the expiration of the extended term".

In 1973, the tenants, Poledar and Diversified, exercised their first options to renew, and then, by separate letters, dated September 25, 1978, those two tenants exercised their second options to renew.

Pursuant to paragraph 31 (b), in both leases, rent for the second renewal term "shall be [calculated] at five (5%) percent of the value of the then demised premises as of the date of the exercise of such option as if such premises were vacant, unencumbered and unimproved, in no event less than the rent paid during the last period of the first renewal term of the lease".

Ten years later, in 1988, Poledar and its subtenant, Purmil, and Diversified and its subtenant, Herricks, (plaintiffs) commenced separate declaratory judgment actions against the landlord, M. Hallsted Christ and Bank of New York as trustees of the Last Will and Testament of Mr. Schumacher (defendants), seeking, in substance, an adjudication fixing the rent for the second renewal term, commencing in the year 2001, at 5% of the value of the land as vacant, as of September 25, 1978, the date of the exercise of the second renewal option. In response, the defendants served identical answers to both actions, and those answers contain affirmative defenses, as well as counterclaims.

Thereafter, pursuant to CPLR 3211 (a) (1), (5), (6), (7); (b), in each action, plaintiffs moved to dismiss the second affirmative defense of unconscionability, as well as the two counterclaims for reformation and recision, on the grounds of documentary evidence, the statute of limitations, collateral estoppel and failure to state a cause of action. Defendants cross-moved, pursuant to CPLR 3211 (a) (5), to dismiss the complaints, on the ground of the statute of limitations. By orders and judgments, entered February 6 and 9, 1990, the IAS Court, in substance, denied the motions and cross-motions, and *sua sponte* dismissed the complaints, on the basis of a lack of subject matter jurisdiction, finding arbitration to be the proper forum, in which to resolve the disputes. Plaintiffs appeal and defendants cross-appeal.

Subsequently, by order, entered May 15, 1990, we consolidated those appeals and cross-appeals.

Both leases contain identical arbitration paragraphs, designated 32. In pertinent part, paragraph 32 provides that:

"If the landlord and tenant fail to agree as to the value of the then leased premises, as if vacant, unencumbered and unimproved with respect to any renewal term, or in the event of any disagreement as to the obligations and rights of either party to this lease, such rental value and rights and obligations shall be determined by arbitration as follows:

"The landlord and tenant shall each *within thirty (30) days after the exercise of any option to renew,* appoint an arbitrator" (emphasis supplied).

Plaintiffs and defendants contend that the IAS Court erred in dismissing the complaints and counterclaims, upon the ground of lack of subject matter jurisdiction. We agree, since we find that under paragraph 32, *supra,* the parties have waived arbitration.

Pursuant to the language of paragraph 32, in order to use arbitration, as the forum to settle a dispute, "[t]he landlord and tenant shall each within thirty (30) days after the exercise of any option to renew, appoint an arbitrator". Since the plaintiffs exercised their second options to renew on September 25, 1978, more than a decade ago, and, after that date, neither party moved within thirty days to "appoint an arbitrator", we find that they waived the right to arbitrate. In other words, when the parties failed to satisfy the condition precedent of acting within thirty days, they waived their "access to the arbitral forum" *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 7 [1980]).

Also, we find the parties waived their right to arbitrate, by affirmatively asserting their rights in a judicial forum *(De Sapio v Kohlmeyer,* 35 NY2d 402 [1974]).

In *35 Park Ave. Corp. v Campagna* (48 NY2d 813, 814 [1979]), the Court of Appeals held that a cause of action to rescind a lease is governed by the six year statute of limitations, which appears in CPLR 213. Since these leases were executed in 1958 and 1959, respectively, and the instant actions were not commenced until 1988, approximately thirty years later, we find that the second counterclaim of defendants for recision is barred *(35 Park Ave. Corp. v Campagna, supra).*

Further, since this second counterclaim seeks broader affirmative relief than that sought in the complaints, in that same seeks the ejectment of the plaintiffs-tenants, in the year 2001, same is not protected by CPLR 203 (c), from the reach of the six year statute of limitations. Pursuant to that CPLR section and subdivision, defenses and counterclaims are deemed

timely, regardless of when they arose, only when they simply reflect the claims asserted in the complaint.

We have considered the other contentions of the parties, and find them to be without merit.

Accordingly, we modify the orders and judgments, entered February 6 and 9, 1990, to the extent of vacating the orders and judgments of dismissal, reinstating the complaints, and granting the motion of the plaintiffs to dismiss the second counterclaim for recision, and otherwise affirm. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.