■ In the Matter of CHARLES CLARENCE C. and Others, Children Alleged to be Abandoned. ASTOR HOME FOR CHILDREN, Respondent; LEISA C. H., Appellant. [623 NYS2d 876] —Orders of disposition, Family Court, New York County (Sara Schechter, J.), entered January 25, 1994, which granted the petitions to terminate respondent's parental rights to the subject children on the ground of abandonment and transferred custody and guardianship to the petitioner agency and the Commissioner of Social Services of the City of New York for the purposes of adoption, following a fact-finding determination on July 2, 1993, that respondent had abandoned her children, unanimously affirmed, without costs.

The Family Court properly found that respondent failed to visit or communicate with her children or contact the subject agency for a period in excess of six months prior to the filing of the petition, thus giving rise to a presumption of abandonment *(Matter of Amanda Maying J.,* 208 AD2d 398). Respondent failed to rebut this presumption. Her testimony regarding telephoning the children and sending them birthday cards on one occasion lacked credibility, and the testimony of respondent's witness was contradicted by respondent herself. In matters of credibility, the findings of the hearing court must be accorded great respect *(Matter of Irene O.,* 38 NY2d 776, 777). Moreover, respondent's testimony that she was discouraged from visiting the children by their foster mother was also incredible and we see no reason to disturb the findings of the hearing court.

The testimony at the dispositional hearing established that the best interests of the children required termination of parental rights. The children have lived with their foster mother (their maternal aunt) for four and one-half years and have formed a strong bond with her. While respondent appears to have made certain improvements in her life, she does not appear to have any real relationship with the children, nor has she been involved with the children in any meaningful way for a long period of time. There is no presumption that a child's best interests will be best served by return to

the natural parent *(Matter of Star Leslie W.,* 63 NY2d 136, 147-148). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.