■ In the Matter of LAURA MONIQUE L. and Another, Children Alleged to be Abandoned. TAMARA R., Appellant; RICHARD ALLEN CENTER FOR LIFE, Respondent. [690 NYS2d 417] —Order, Family Court, Bronx County (Rhoda Cohen, J.), entered on or about January 4, 1996, which, to the extent appealed from as limited by respondent-appellant's brief, found, after a fact-finding hearing, that respondent had abandoned her daughter Laura L. within the meaning of Social Services Law § 384-b (4)

(b), and order, same court and Judge, entered on or about January 4, 1996, which, after a fact-finding hearing, *inter alia*, terminated respondent's parental rights over her daughter Sarae R., upon a finding of abandonment pursuant to Social Services Law § 384-b (4) (b), unanimously affirmed, without costs.

We agree with Family Court that petitioner agency proved by clear and convincing evidence, including the testimony of the agency supervisor and the progress notes of the caseworker who had been assigned to the case during the relevant period of time, that respondent, although able to do so, failed to contact or visit with her children or with the agency for a period of more than six months immediately preceding the filing of the instant petitions. The court's determination that respondent's testimony was not credible, as it bore upon her attempts to see and communicate with the subject children during the relevant time period, had ample basis in the record, and should not be disturbed on appeal (*see, Matter of Irene O.*, 38 NY2d 776, 777; *Matter of Charles Clarence C.*, 213 AD2d 294). Contrary to respondent's argument, Family Court's decision not to hold a formal dispositional hearing was proper under the circumstances (*see, Matter of St. Christopher-Ottilie [Ricarte Angel C.] v Awilda C.*, 220 AD2d 514). Concur—Nardelli, J. P., Wallach, Lerner, Andrias and Buckley, JJ.