■ Cesar A. Johnson, Appellant-Respondent, v Brooklake Associates, Respondent-Appellant. [707 NYS2d 826] —Order, Supreme Court, New York County (Louis York, J.), entered on or about October 7, 1999, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment, granted that branch of defendant's cross motion for summary judgment seeking dismissal of plaintiff's Executive Law § 296 (16) claim, and denied that branch of the cross motion seeking dismissal of plaintiff's breach of contract claim, unanimously affirmed, without costs.

The motion court properly dismissed plaintiff's Executive Law § 296 (16) claim. Plaintiff's breach of contract claim was, however, properly sustained as against defendant's contention that, pursuant to the parties' contract, it was one properly to be pursued in arbitration. Defendant waived any right to arbitrate the claim by affirmatively participating in this lawsuit (see, De Sapio v Kohlmeyer, 35 NY2d 402, 405; Poledar Realty v Christ, 171 AD2d 603, 605). Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.

■ In the Matter of Noelle Denise P., a Child Alleged to be Abandoned. Arlene J. N., Appellant; Leake and Watts Services, Inc., Respondent. [708 NYS2d 1] —Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about December 2, 1997, insofar as appealed from, terminating respondent-appellant's parental rights to the subject child and committing the child's custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, following a fact-finding determination of abandonment, unanimously affirmed, without costs.

The finding of abandonment is supported by clear and convincing evidence that appellant failed to communicate with the child or petitioner agency for three and a half years following the child's placement into foster care shortly after her birth, including the six-month period immediately preceding the filing of the instant petition. This gave rise to a presumption of abandonment that appellant did not even attempt to rebut by taking the stand and testifying to any efforts she made to so communicate (Social Services Law § 384-b [5] [a]; see, Matter of Charles Clarence C., 213 AD2d 294). While a preponderance of the evidence at the dispositional hearing clearly supports the disposition terminating appellant's parental rights, we would note that on this record such disposition could have been made without conducting a dispositional hearing (see, Matter of Maurice Jamel G., 267 AD2d 173). Concur—Mazzarelli, J. P., Ellerin, Lerner, Rubin and Andrias, JJ.