■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON PENTON, Appellant. [747 NYS2d 764] —Judgment, Supreme Court, Bronx County (Nicholas Iacovetta, J.), rendered October 19, 1999, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ years and one year, respectively, unanimously affirmed.

The verdict was not against the weight of the evidence. Conflicting versions of the incident were properly considered by the jury, and there is no basis for disturbing its credibility determinations (see People v Gaimari, 176 NY 84, 94). Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.

■ In the Matter of MALTA L., a Child Alleged to be Abused. ELSA H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [747 NYS2d 765] —Order of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about December 4, 1998, which, to the extent appealable, brings up for review a fact-finding determination of the same court and Judge, finding in a child protective proceeding pursuant to article 10 of the Family Court Act that respondent abused the subject child, unanimously affirmed, without costs. Appeal from that portion of the same order directing that the child be placed in the custody of the Commissioner of Social Services for 12 months, unanimously dismissed as moot, without costs.

The fact-finding determination was based on the necessary preponderance of the credible evidence (see Family Ct Act § 1046 [b] [i]). Respondent, after having initially told an Administration for Children's Services (ACS) caseworker that she had not burned the child and that the child's reports to her teacher, guidance counselor, and an ACS caseworker of having been intentionally burned by her were lies, eventually admitted and, indeed, testified that she had, in fact, burned the child with a cigarette, but claimed that the burn had occurred by accident. She, however, offered no credible explanation as to how the purported accident had occurred (see Family Ct Act § 1046 [a] [ii]) and acknowledged that she had not sought medical attention for the burn, preferring instead to treat it by applying hair gel. Respondent's actions in burning the child and thereafter failing to seek medical attention for her constituted abuse (see Matter of Quincy Y., 276 AD2d 419). In reaching this conclusion, Family Court properly resolved such credibility issues as there were against respondent (see Matter of Clarence C., 213 AD2d 294). Concur—Nardelli, J.P., Saxe, Rosenberger, Friedman and Marlow, JJ.