■ In the Matter of DONELLE THOMAS M. and Others, Infants. LINDA ANN M., Also Known as LINDA J., Appellant; BROOKWOOD CHILD CARE et al., Respondents. [771 NYS2d 514]—

Order of disposition, Family Court, Bronx County (Maureen McLeod, J.), entered on or about June 12, 2000, which granted the petition to terminate respondent's parental rights to the child Donelle Thomas M., unanimously reversed, on the law and the facts, without costs, the petition denied and the proceeding dismissed. Orders of disposition, same court and Judge, entered on or about June 12, 2000, which terminated respondent's parental rights to the seven other subject children upon findings of abandonment, and committed custody and guardianship of the children to the Commissioner of Social Services and the petitioning agency for the purpose of adoption, unanimously affirmed, without costs.

The agency established by clear and convincing evidence that

neither respondent nor anyone on her behalf contacted it during the six-month period preceding the filing of the petitions. The court implicitly rejected respondent's claim that she telephoned the agency after she was incarcerated, and this credibility finding is entitled to deference (*see Matter of Charles Clarence C.*, 213 AD2d 294 [1995]). In any event, even if respondent's testimony were credited, the claimed calls were not contacts sufficiently substantial to avoid a finding of abandonment (*see Matter of Stephen Sidney W.*, 283 AD2d 153 [2001]; *Matter of Jackee Shertte C.*, 269 AD2d 229 [2000], *lv denied* 95 NY2d 757 [2000]).

Since the oldest child, Donelle, was over 14 years old, had no prospects of adoption and would not, in any event, consent to adoption, no useful purpose was served by the termination of respondent's parental rights to him (*see Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]). Since he is now over 18 years old, there is no need to remand for further dispositional proceedings.

The record amply supports the court's determination that termination of respondent's parental rights to the seven younger children was in the children's best interests (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Respondent has no relationship with the children, who have been in foster homes for many years, and the children have loving foster parents with whom they have bonded and who, in contrast to respondent, have demonstrated that they understand and are able to address the children's special needs. Contrary to respondent's contention, a suspended judgment would not have been appropriate since there was no evidence that respondent had a realistic and feasible plan to provide an adequate and stable home for the children (*see Matter of Charlene Lashay J.*, 280 AD2d 320 [2001]; *Matter of Latasha W.*, 268 AD2d 340 [2000]). Concur—Tom, J.P., Andrias, Sullivan and Lerner, JJ.