■ In the Matter of Hyacinth Angela W., a Child Alleged to be Permanently Neglected. Willie W., Appellant; Catholic Home Bureau, Respondent. [779 NYS2d 42]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about November 20, 1998, which, following a

fact-finding hearing, terminated respondent father's parental rights on the ground of permanent neglect and, after a dispositional hearing, committed the guardianship and custody of the child, Hyacinth, to the Commissioner of Social Services and petitioner Catholic Home Bureau for the purpose of freeing her for adoption, unanimously reversed, on the law and the facts, without costs or disbursements, and the petition dismissed.

The child Hyacinth was born on April 22, 1985 to Hyacinth Dannette W., who has not appealed the termination of her parental rights, and respondent Willie W., who has; the couple never married. The maternal grandmother voluntarily placed the child with the Catholic Home Bureau (the agency), petitioner herein, on November 28, 1995, at which time the father was incarcerated. The petition for termination of parental rights was filed on March 24, 1998, 28 months after placement.

The child turned 14 years of age on April 22, 1999, just five months from the date of the court's dispositional order. Domestic Relations Law § 111 (1) (a) requires that any child over 14 years of age must consent to his or her adoption, unless the court, in its discretion, dispenses with such consent. Hyacinth, who was consistently visited by her father from the time he was released from prison in February 1997 until October or November 1997,* has steadfastly expressed to the agency and the Law Guardian her wish not to be adopted and to remain with her biological family. Here, given the imminence of the child's fourteenth birthday, Family Court should have held a separate dispositional hearing to determine the child's wishes (*see Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]).

As the record also shows, as of July 28, 2000, the child was no longer in placement with the foster family but was living in a group home. According to a subsequent petition for permanency hearing and review of a child freed for adoption, filed on July 28, 2000, the goal for the child is now independent living. The current status and circumstances of the child's life should be considered (*see Matter of Michael B.*, 80 NY2d 299 [1992]). Moreover, Hyacinth is now 19 years of age and beyond the age, 18, of a commitment of her guardianship and custody on the ground of permanent neglect (*see* Family Ct Act § 614 [1] [a]).

Were we to reach the merits of the appeal, which is unopposed, we would find that the agency failed to demonstrate that the father permanently neglected Hyacinth and that it made

---

* In November 1997, the father was arrested in Virginia and was incarcerated from that time until the hearing in August 1998.

diligent efforts to promote and encourage the parental relationship as required by Social Services Law § 384-b. Furthermore, as argued, the father, due to Family Court's haste to resolve the matter in light of the delay in commencing the termination proceeding, was denied his right to the effective assistance of counsel (*see Matter of James R.*, 238 AD2d 962, 962-963 [1997]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Friedman and Gonzalez, JJ.