■ In the Matter of SHAKIMA RENEE M., Also Known as SHAKIMA M., an Infant. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., et al., Respondents; TERRY M., Appellant, et al., Respondent. In the Matter of KADIJA TEMPIE M., Also Known as KADIJA M., an Infant. EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES et al., Respondents; TERRY M., Appellant, et al., Respondent. [841 NYS2d 270]—

Judgments, Family Court, New York County (Sara P. Schechter, J.), entered on or about February 10, 2006, which, after a dispositional hearing on a violation of a suspended judgment, terminated the parental rights of both biological parents and transferred custody and guardianship of the children to the Commissioner of Social Services for the purpose of adoption, unanimously reversed, on the law and the facts, without costs, the termination of respondents' parental rights vacated and the matter remanded for further proceedings consistent herewith.

After years of court proceedings involving the subject children since the February 2001 filing of the underlying petition for termination of parental rights on grounds of permanent neglect, the court issued the challenged judgments terminating the rights of both parents as to both children. It reasoned that "the plan of adoption is the only viable plan," and the best option for providing the children with a stabilized home environment.

We reverse. It is true, as petitioner Family Support Systems

points out, that the court must determine the best interests of the children, and that in this context, there is no operative presumption that placement with the biological parents will best serve those interests (*see Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Netfa P.*, 115 AD2d 390 [1985]). However, the court's professed belief that adoption was the best option because it might provide the children with a stabilized home environment finds no support in the record. As the children's Law Guardian observed, no viable plan of adoption for either child had been proposed in the record by the conclusion of the hearing.

Moreover, since Shakima is over the age of 14 and refuses to consent to adoption, the termination of parental rights would serve no useful purpose (*see* Domestic Relations Law § 111 [1] [a]; *Matter of Hyacinth Angela W.*, 8 AD3d 129 [2004]; *Matter of Donelle Thomas M.*, 4 AD3d 137 [2004]; *Matter of Miguel Angel Andrew R.*, 263 AD2d 354 [1999]).

As to Kadija, who just recently turned 13, the information contained in the record, along with the subsequent submissions of the Law Guardian regarding a recent placement and the child's expressed interest in adoption, necessitates additional review by the court as to whether a viable adoption plan is currently in place, along with the hearing of formal testimony as to the child's wishes regarding adoption. While the consent of a child under 14 is not required, her previously-expressed desire not to be adopted carries substantial weight, given her age; notably, in *Matter of Hyacinth Angela W.* (8 AD3d 129 [2004], *supra*), a hearing was required as to the child's wishes because she was a few months shy of her 14th birthday.

The court will have the opportunity, at the renewed dispositional hearing, to consider the appropriate role of respondent father in view of any change in his circumstances, as well as the possible negative consequences an adoption of Kadija would have on her relationship with her siblings. Concur—Mazzarelli, J.P., Andrias, Saxe, Sweeny and Malone, JJ.