*886 In an action, inter alia, for declaratory and injunctive relief, the defendant Frank M. Flower & Sons, Inc., appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 5, 2013, as, upon converting the action into a proceeding pursuant to CPLR article 78, denied that branch of its motion which was pursuant to CPLR 3211 (a) to dismiss the first cause of action, and (2), as limited by its brief, from so much of a judgment of the same court entered November 4, 2013, as, upon, inter alia, the order entered July 5, 2013, and a decision of the same court dated September 18, 2013, vacated a 30-year lease extension issued to it by the defendant Town of Oyster Bay on September 13, 1994, and remitted the matter to the Town of Oyster Bay for the Town of Oyster Bay to conduct a clam density survey, and the plaintiffs, North Oyster Bay Baymen’s Association, William E. Fetzer III, Craig Oddo, William B. Painter, Frederick Menges, and James J. Schultz, cross-appeal, as limited by their brief, from (1) so much of the order as granted those branches of the separate motions of the defendants Frank M. Flower & Sons, Inc., and the Town of Oyster Bay which were pursuant to CPLR 3211 (a) to dismiss the third, fifth, sixth, and seventh causes of action, and (2) so much of the judgment as, upon the order, in effect, dismissed the third, fifth, sixth, and seventh causes of action.
Ordered that the appeal and cross appeal from the order are dismissed; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provisions thereof vacating the 30-year lease extension issued to the defendant Frank M. Flower and Sons, Inc., remitting the matter to the defendant Town of Oyster Bay for the Town of Oyster Bay to conduct a clam density survey, and, in effect, dismissing the seventh cause of action; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs payable by the plaintiffs to the defendants Frank M. Flower & Sons, Inc., and the Town of Oyster Bay, the provision in the order entered July 5, 2013, converting the action into a proceeding pursuant to CPLR article 78 is vacated, those branches of the separate motions of the defendants Frank M. Flower & Sons, Inc., and the Town of Oyster Bay which were pursuant to CPLR 3211 (a) to dismiss the seventh cause of action are denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the complaint consistent herewith, and for the entry of a judgment, inter alia, in *887 favor of the defendant Frank M. Flower & Sons, Inc., on the first cause of action declaring that the 30-year lease extension issued to the defendant Frank M. Flower & Sons, Inc., by the defendant Town of Oyster Bay on September 13, 1994, pertains to lands that were “heretofore leased” as that term is used in section 196-23 of the Town Code of the Town of Oyster Bay and therefore, the leased lands are exempt from the provision in section 196-23 of the Town Code of the Town of Oyster Bay which prohibits the Town of Oyster Bay from leasing underwater lands “where there is an indicated presence of shellfish in sufficient quantity and quality and so located as to support significant hand raking and/or tonging and harvesting.”
The appeal and cross appeal from the intermediate order entered July 5, 2013, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal and cross appeal from the order entered July 5, 2013, are brought up for review and have been considered on the appeal and cross appeal from the judgment (see CPLR 5501 [a] [1]).
The defendant Frank M. Flower & Sons, Inc. (hereinafter Flower), and its predecessor in interest have been producers of shellfish, including clams and oysters, since 1887. In or about 1937, the defendant Town of Oyster Bay and Flower’s predecessor-in-interest executed certain underwater leases for shellfish cultivation. The leases were subsequently assigned to Flower.
The plaintiff North Oyster Bay Baymen’s Association (hereinafter the Association) is a not-for-profit corporation organized to protect, promote, and preserve the hard clam industry in and around Oyster Bay, and the plaintiffs William E. Fetzer III, Craig Oddo, William B. Painter, Frederick Menges, and James J. Schultz, individual members of the Association, are shellfish diggers holding digger’s permits pursuant to section 13-0311 (1) of the Environmental Conservation Law and chapter 196 of the Town Code of the Town of Oyster Bay (hereinafter the Town Code).
In 1991, the Association, Fetzer, and several individuals who are not parties to this action commenced an action (hereinafter the 1991 Action) seeking, inter alia, to void Flower’s leases. In 1992, the parties in the 1991 Action entered into a stipulation of settlement (hereinafter the stipulation of settlement). Pursuant thereto, Flower agreed, among other things, (1) to release approximately 400 acres of land from the leased premises for public use, (2) to provide one million clam seeds per year for *888 planting on unleased shellfish beds in Oyster Bay Harbor and Cold Spring Harbor (hereinafter together the Bay), (3) to provide a specified number of “boat days” per year which were to be used for bay management purposes, and (4) to perform predator control in the Bay. The plaintiffs in the 1991 Action agreed, inter alia, to discourage poaching from the leased land and to acquiesce to certain cultivation methods employed by Flower, including the use of mechanical dredges.
In September 1993, partially in connection with the stipulation of settlement, the Town made certain amendments to Town Code chapter 196, the Marine Life Ordinance. As relevant here, Town Code § 196-23, entitled “Leasing of Land,” provides, in pertinent part, that “[wjith. the exception of lands heretofore leased, any additional underwater lands shall not be leased where there is an indicated presence of shellfish in sufficient quantity and quality and so located as to support significant hand raking and/or tonging and harvesting” (Town Code § 196-23 [emphasis added]).
In September 1994, after a public hearing, the Town Board unanimously approved an application by Flower to renew the underwater leases at issue for a 30-year term. Attached to the resolution approving the extension was a map delineating the leased lands.
On June 22, 2011, the plaintiffs commenced this action, inter alia, for a judgment declaring the leases between Flower and the Town null and void. The plaintiffs also sought, among other things, specific performance of the stipulation of settlement, damages, and injunctive relief. In this regard, the plaintiffs asserted, in the amended complaint, 11 separate causes of action.
Flower and the Town separately moved to dismiss the amended complaint pursuant to CPLR 3211 (a), arguing, inter alia, that the allegations in the complaint failed to state a cause of action, that the complaint should be dismissed based on the doctrine of res judicata and/or as barred by the statute of limitations, that the plaintiffs lacked standing, and that certain causes of action were contradicted by the documentary evidence.
In the order appealed and cross-appealed from, the Supreme Court granted those branches of the separate motions which were to dismiss the third, fourth, fifth, sixth, and seventh causes of action. The Supreme Court denied those branches of the separate motions which were to dismiss the first, second, eighth, ninth, tenth, and eleventh causes of action. At the same time, the Supreme Court converted the action into a special proceeding pursuant to CPLR article 78 (see CPLR 103 [c]) and *889 scheduled a hearing on the issue of “whether, based upon conditions within four months of June 22, 2011, the Town’s finding that there was not a sufficient presence of shellfish to support significant hand raking or tonging was arbitrary.” After the hearing, the Supreme Court issued a decision dated September 18, 2013, in which it purported to vacate the 30-year “lease extension” issued to Flower by the Town in September 1994. A judgment was entered on November 4, 2013.
Flower argues that the 30-year lease extension should not have been vacated and, in effect, that the Supreme Court instead should have granted that branch of its motion which was to dismiss the first cause of action, which sought to void the leases, but raises no arguments with regard to the Supreme Court’s denial of those branches of its motion which were to dismiss the second, eighth, ninth, tenth, or eleventh causes of action. On the cross appeal, the plaintiffs argue, inter alia, that the Supreme Court erred in granting those branches of the separate motions of the Town and Flower which were to dismiss the third, fifth, sixth, and seventh causes of action.
Initially, as Flower correctly contends, the Supreme Court erred in vacating the 30-year lease extension issued to it by the Town in September 1994. In the first cause of action in the amended complaint, the plaintiffs alleged, inter alia, that the Town had leased the land without the benefit of an “accurate map” and that the land that Flower was harvesting from contained shellfish in sufficient quantity and quality so as to support hand raking and/or tonging and harvesting, in violation of Town Code § 196-23. The plaintiffs sought, among other things, a judgment declaring the leases null and void.
To the extent that the first cause of action was based on the allegation that the lease extension was issued without the benefit of an “accurate map,” any such claim should have been dismissed as barred by the six-year statute of limitations applicable to causes of action seeking to rescind a lease (see CPLR 213; 35 Park Ave. Corp. v Campagna, 48 NY2d 813, 814 [1979]). As Flower points out, the claim that the lease was invalid because it was based on a map that was inaccurate had to be raised within six years of the execution of the lease (see 35 Park Ave. Corp. v Campagna, 48 NY2d at 814; Poledar Realty v Christ, 171 AD2d 603, 605 [1991]). As the plaintiffs did not commence this action until 2011, this cause of action was time-barred.
To the extent that the first cause of action sought a judgment declaring that the subject land was leased in violation of Town Code § 196-23, because the land contained shellfish in suf *890 ficient quantity and quality so as to support hand raking and/or tonging and harvesting, it was not improper for the Supreme Court to deny the separate motions to dismiss. Generally speaking, “ ‘[a] motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration’ ” (Minovici v Belkin BV, 109 AD3d 520, 524 [2013], quoting Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2011] [internal quotation marks omitted]; see Rockland Light & Power Co. v City of New York, 289 NY 45, 51 [1942]; see also Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.13 [2d ed 2004]). As such, “where a cause of action is sufficient to invoke the court’s power to ‘render a declaratory judgment. . . as to the rights and other legal relations of the parties to a justiciable controversy’ (CPLR 3001; see CPLR 3017 [b]), a motion to dismiss that cause of action should be denied” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150; see Minovici v Belkin BV, 109 AD3d at 524; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728 [2013]).
Upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where “ ‘no questions of fact are presented [by the controversy]’ ” (Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150, quoting Hoffman v City of Syracuse, 2 NY2d 484, 487 [1957]; see Minovici v Belkin BV, 109 AD3d at 524; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728). Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action “should be taken as a motion for a declaration in the defendant’s favor and treated accordingly” (Siegel, NY Prac § 440 at 770 [5th ed 2011]; see Minovici v Belkin BV, 109 AD3d at 524; DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d at 728; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d at 1150).
Here, as a matter of law, Flower and the Town were entitled to a declaration in their favor with regard to the first cause of action. Indeed, the Supreme Court acknowledged that the ordinance at issue was adopted on September 14, 1993, that the leases at issue were “renew[ed]” and “extended” on September 13, 1994, and that the “original lease” was signed in 1937. Under these circumstances, and considering the plain and unambiguous language of the ordinance at issue (see generally Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 *891 NY3d 578, 581 [2006]; Rosner v Metropolitan Prop. & Liab. Ins. Co., 96 NY2d 475, 479 [2001]), although those branches of the separate motions which were to dismiss the first cause of action were properly denied, since the rights of the parties could be determined as a matter of law, the Supreme Court should have instead entered a judgment declaring that the 30-year lease extension issued to Flower by the Town on September 13, 1994, pertained to lands that were “heretofore leased” as that term is used in Town Code § 196-23 and that, as such, the lands are exempt from the provision in Town Code § 196-23 which prohibits the Town from leasing underwater lands “where there is an indicated presence of shellfish in sufficient quantity and quality and so located as to support significant hand raking and/or tonging and harvesting” (Town Code § 196-23; see 11 King Ctr. Corp. v City of Middletown, 115 AD3d 785, 787 [2014]; Minovici v Belkin BV, 109 AD3d at 524).
Invoking CPLR 103 (c), the Supreme Court erroneously converted this action into a proceeding pursuant to CPLR article 78 to determine whether “based upon conditions within four months of June 22, 2011, the Town’s finding that there was not a sufficient presence of shellfish to support significant hand raking or tonging was arbitrary.” We note that there was no allegation or evidence that any such finding was made by the Town within four months of June 22, 2011. Indeed, even assuming that the Association was seeking review of the Town’s 1994 resolution approving Flower’s application to extend its leases, the approval of that extension was a discrete determination that was complete in September 1994 and any challenge claiming that it was made in an arbitrary fashion had to be brought within four months thereof (see CPLR 7803 [3]; see generally Matter of Young v Board of Trustees of Vil. of Blasdell, 221 AD2d 975, 977 [1995]).
With respect to the cross appeal, the plaintiffs correctly argue that the Supreme Court should not have dismissed the seventh cause of action, in which they sought, among other things, specific performance of Flower’s obligations as set forth in the 1992 stipulation of settlement. A “motion to dismiss on the ground that the action is barred by documentary evidence [will be granted] only where the documentary evidence utterly refutes plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Accepting the facts as alleged in the amended complaint as true, while Flower argued that the affirmation and documentary evidence it submitted demonstrated that it had indeed complied with its annual obligations, *892 the documentary evidence did not utterly refute the allegations and did not conclusively establish a defense as a matter of law (see id. at 326; Bodden v Kean, 86 AD3d 524, 526 [2011]).
Contrary to the plaintiffs’ argument, however, the Supreme Court properly dismissed the sixth cause of action for lack of standing, as the plaintiffs were not a party to the lease assignments executed by Flower and its predecessor in interest, which were completed prior to the Town’s approval of Flower’s application to extend the leases at issue (see generally Matter of Save the Pine Bush, Inc. v Common Council of City of Albany, 13 NY3d 297, 301 [2009]).
The Supreme Court also properly dismissed the third and fifth causes of action, although not for the reasons stated in the order entered July 5, 2013. Insofar as the third cause of action reiterated the allegations contained in the first cause of action regarding the accuracy of the map filed with the approval of the lease extension, such causes of action had to be brought within six years of the execution of the lease extension and are thus time-barred (see 35 Park Ave. Corp. v Campagna, 48 NY2d at 814). The fifth cause of action, which was interposed only against the Town and alleged that the Town failed to comply with the certain terms of the 1992 stipulation of settlement, should have been dismissed, as the Town was not a party to that 1992 agreement (see CPLR 3211 [a] [7]).
In sum, the Supreme Court erred in vacating the 30-year lease extension issued to Flower by the Town on September 13, 1994, in converting the action into a proceeding pursuant to CPLR article 78, and, in effect, dismissing the seventh cause of action. We remit the matter to the Supreme Court, Nassau County, for further proceedings on the amended complaint consistent with this decision and order, and since this is, in part, a declaratory judgment action, for the entry of an appropriate judgment, inter alia, declaring that the 30-year lease extension issued to Flower by the Town on September 13, 1994, pertains to lands that were “heretofore leased” as that term is used in section 196-23 of the Town Code of the Town of Oyster Bay and that, as such, the leased lands are exempt from the provision in that section of the Town Code which prohibits the Town from leasing underwater lands “where there is an indicated presence of shellfish in sufficient quantity and quality and so located as to support significant hand raking and/or tonging and harvesting” (see Minovici v Belkin BV, 109 AD3d at 524). Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.
Motion by the defendant Town of Oyster Bay, inter alia, to strike certain material from the plaintiffs’ brief on appeals and *893 cross appeals from an order of the Supreme Court, Nassau County, entered July 5, 2013, and a judgment of the same court entered November 4, 2013, on the ground that it improperly raises arguments for the first time on appeal. By decision and order on motion of this Court dated January 12, 2015, the motion was held in abeyance and referred to the Justices hearing the appeals and cross appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals and cross appeals, it is
Ordered that the motion is denied. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.