Matter of Cody X. (Eugene X.) (2025 NY Slip Op 05728)

Matter of Cody X. (Eugene X.)

2025 NY Slip Op 05728

Decided on October 16, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 16, 2025

CV-23-2131
[*1]In the Matter of Cody X., Alleged to be an Abandoned Child. St. Lawrence County Department of Social Services, Respondent; Eugene X., Appellant.

Calendar Date:September 5, 2025

Before:Pritzker, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Stephen D. Button, County Attorney, Canton (Keith S. Massey Jr. of counsel), for respondent.
Timothy J. Lawliss, Peru, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of St. Lawrence County (Andrew Moses, J.), entered December 27, 2023, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate the subject child to be abandoned, and terminated respondent's parental rights.
Respondent (hereinafter the father) is the father of the subject child (born in 2006). In 2019, the father consented to a finding of neglect, and the child was placed in the care of petitioner. During those proceedings, Family Court (Morris, J.) issued an order of protection which prohibited respondent from having any contact with the child, "except as arranged, authorized or supervised" by petitioner. Such order of protection was renewed several times and remained active during the relevant time period at issue. In April 2023, petitioner commenced this abandonment proceeding, seeking to terminate the father's parental rights. Following a fact-finding hearing, Family Court (Moses, J.) granted petitioner's application and terminated the father's parental rights. The father appeals.
Initially, the evidence adduced at the fact-finding hearing established by clear and convincing evidence that the father demonstrated an intent to forgo his parental rights due to his failure to visit or communicate with the child or petitioner during the six-month period preceding the filing of the petition (see Social Services Law § 384-b [5]; Matter of Ciara FF. [Robert FF.], 235 AD3d 1162, 1163 [3d Dept 2025]). Contrary to the father's contention that his lack of contact with the child was a consequence of an active order of protection prohibiting him from doing so, he was nonetheless obligated to maintain contact with petitioner — which the record reveals was at best sporadic and insubstantial (see Matter of Taj'ier W. [Joseph W.], 209 AD3d 1203, 1204-1205 [3d Dept 2022]; Matter of Carter A. [Jason A.], 111 AD3d 1181, 1183 [3d Dept 2013], lv denied 22 NY3d 862 [2014]).Such order of protection further permitted contact between the father and the child upon the authorization or supervision of the agency, and the father failed to competently substantiate his allegations that petitioner prevented or discouraged him from obtaining such permission to have contact with the child (see Matter of Ciara FF. [Robert FF.], 235 AD3d at 1164; Matter of Kamariana SS. [Anthony SS.], 227 AD3d 1166, 1168-1169 [3d Dept 2024], lv denied 42 NY3d 903 [2024]; Matter of Taj'ier W. [Joseph W.], 209 AD3d at 1205).
As our further review of the record shows, the permanency hearing reports offered at the fact-finding hearing indicated that the permanency goal was placement for adoption.[FN1] The abandonment petition acknowledged that the child's 18th birthday was "quickly approaching," and sought to afford him "the opportunity to legalize the relationship he has had with his foster home." However, the last permanency hearing report before the hearing indicated that the child would not consent to adoption[*2], and therefore sought a modification of the permanency goal. The child turned 18 years old shortly after the termination order was issued and, as of July 2025, the child continued to refuse to consent to adoption and declared that he no longer consents to remain in foster care.[FN2] Although initially joining the agency's position in this appeal, the appellate attorney for the child submitted correspondence advising that the child changed his position and wants the father to remain his legal father.[FN3] Since we may consider these subsequent developments (see Matter of Michael B., 80 NY2d 299, 318 [1992]; Matter of Hyacinth Angela W., 8 AD3d 129, 130 [1st Dept 2004]; see also Matter of Charity BB. v Jeremy CC., 241 AD3d 1045, 1047 [3d Dept 2025]), and further recognizing that the child is over the age of 18 and does not consent to adoption, which the petition sought to offer him an opportunity to do, we conclude that no useful purpose was served by the termination of the father's parental rights (see Matter of Arthur C., 66 AD3d 1009, 1010 [2d Dept 2009]; Matter of Charles Michael J., 58 AD3d 401, 402 [1st Dept 2009]; Matter of Donelle Thomas M., 4 AD3d 137, 138 [1st Dept 2004]; Matter of Miguel Angel Andrew R., 263 AD2d 354, 354 [1st Dept 1999]; see generally Matter of Amber AA., 301 AD2d 694, 698 [3d Dept 2003]). As the child is over the age of 18 years, there is no need to remand for further dispositional proceedings (see Matter of Donelle Thomas M., 4 AD3d at 138). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Pritzker, J.P., Lynch, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, without costs, and petition dismissed.

Footnotes

Footnote 1: Family Court took judicial notice of all permanency hearing reports issued prior to the fact-finding hearing, which took place in September 2023.
Footnote 2: This information is contained in a decision and order issued by Family Court and entered on July 21, 2025.
Footnote 3: Each party had the opportunity to respond to such correspondence, and this Court considered same.