■ In the Matter of EVELYSE LUZ S., a Child Alleged to be Permanently Neglected. EVELYN G., Appellant; ST. DOMINIC's HOME, Respondent. [870 NYS2d 245]—

While the agency was not required to make reasonable efforts to return the child to her home because respondent's parental rights to two of her other children had been involuntarily terminated (*see* Family Ct Act § 1039-b [a], [b] [6]), it established by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen respondent's relationship with the child and that despite these efforts respondent failed to plan for the child's future (*see* Social Services Law § 384-b [7]; *Matter of Sheila G.*, 61 NY2d 368 [1984]). The agency's service plan required respondent to visit with the child regularly, to complete a drug treatment program and remain sober, and to keep the agency apprised of her whereabouts. Respondent's attendance at the visits arranged by the agency was inconsistent, she failed to complete a drug program, and she failed to remain in contact with the agency, which was able to locate her eventually through its own efforts.

The finding that termination of respondent's parental rights is in the child's best interests was supported by a preponderance of the evidence showing that the child has been with the foster mother since infancy and has bonded with her and her other children and that the foster mother wishes to adopt the child (*see Matter of Elizabeth Amanda T.*, 44 AD3d 507 [2007]; *Matter of Taaliyah Simone S.D.*, 28 AD3d 371 [2006]).

We have considered respondent's remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ.