■ In the Matter of EVELYSE LUZ S., an Infant. JOSE S., Appellant; ST. DOMINIC's HOME, Respondent. [879 NYS2d 438]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about October 17, 2007, which, upon a finding that respondent father's consent was not required for the adoption of the subject child, committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously reversed, on the facts and as a matter of discretion, without costs, and the matter remanded for a new hearing in accordance herewith to be conducted as expeditiously as reasonably possible.

The evidence did not support a finding that it was in the child's best interests to be adopted by the foster mother, and the matter should be remanded for a new hearing. The record shows that the child's paternal grandmother is 50 years old and

lives in a stable home, which was certified as a suitable kinship foster home. The grandmother cared for the child shortly after birth and the only reason the child was taken from her was because of the agency's concern that she would be unable to care for the child while recuperating from hip surgery. During this time, the agency did not attempt to assist the grandmother, who was incapacitated and physically unable to go to the agency, nor did it take any action to strengthen the relationship.

The grandmother testified that she called the agency on a regular basis following her surgery but no one returned her calls. On the one occasion when she spoke to the supervisor assigned to the case, she was told to speak to the biological mother. The grandmother also testified that she had been led to believe that she would have in-home visits with the child during her period of recuperation, but the agency did not return her calls. Notably, Family Court made no findings with respect to the grandmother's testimony and we cannot conclude it should be disregarded. While the agency and law guardian fault the grandmother for not writing or personally coming to the agency, it was not unreasonable for the grandmother to believe that she only had to telephone the agency to reinstitute visits particularly since she could only walk with the assistance of a home health care attendant. Once contact was reestablished with the agency, the grandmother regularly visited with the child.

Furthermore, although it is understandable that following placement in foster care, the child, who is young, became bonded to the foster mother, who admittedly took good care of her and tended to her special needs, this does not undermine the fact that the child has biological relatives, who are capable of caring for her and have consistently expressed a desire that she remain in the grandmother's care.

In *Matter of Wesley R.* (307 AD2d 360 [2003]), on similar but not identical facts, the Second Department noted that "[t]he central problem . . . is in determining whether this short-term trauma [of removing the child from foster care] would have a lasting impact, and whether it would be more than compensated for by the long-term advantages that the child would experience for the remainder of his life as the result of unification" with his biological relatives (*id.* at 361-362). The Court found that under the circumstances, and in light of the passage of time occasioned by the delay inherent in perfecting the appeal, and the pace of the psychological development of the child whose best interests were the primary concern, the record was not sufficient to determine the ultimate issues presented. Accordingly, it found that a new hearing was necessary, addressed to the

ultimate question of what arrangement was best for the child in light of his current conditions (*id.* at 364).

As in *Wesley*, we conclude that Family Court should have considered whether any short-term "trauma" is outweighed by the potential long-term benefit of the child remaining with her grandmother, who asserts that she will ensure that the child maintains ties with her siblings, who reside with the maternal grandmother, and with her foster family. Because the record contained no independent expert testimony on this question, this matter is remanded for a new hearing. We express no opinion on the ultimate issue of the appropriate disposition and we do not limit the evidence to such expert testimony.

To the extent our ruling differs from the prior decision rendered on the mother's appeal from the same order of disposition (*see Matter of Evelyse Luz S.*, 57 AD3d 329 [2008]), we are not bound by that decision given that respondent father's appeal was not before us. Concur—Catterson, J.P., McGuire, Moskowitz, DeGrasse and Freedman, JJ.