■ In the Matter of TATYANA S.P., Also Known as TATYANA S.C. SCO FAMILY OF SERVICES, Appellant; JEANETTE C., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of JASON I.C., Also Known as JASON C. SCO FAMILY OF SERVICES, Appellant; JEANETTE C., Respondent, et al., Respondent. (Proceeding No. 2.) [888 NYS2d 160]—In related proceedings pursuant to Family Court Act article 6, the petitioner appeals, as limited by its brief, from so much of an order of disposition of the Family Court, Kings County (Elkins, J.), dated November 18, 2008, as, upon terminating the mother's parental rights, and after a dispositional hearing, directed that the two subject children be transferred to the home of Jeanette C., after a transition period, for the purpose of adoption.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

An order of disposition pursuant to Family Court Act article 6 must be made solely on the basis of the best interests of the child (*see* Family Ct Act § 631; *Matter of Star Leslie W.,* 63 NY2d 136 [1984]). Here, the Family Court did not improvidently exercise its discretion in determining that it is in the best interests of the two subject children to transfer them to the home of their aunt, Jeanette C., for the purpose of adoption. The Family Court's determination, which was based on a firsthand assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, had a sound and substantial basis in the record (*see Matter of Celenia R.,* 264 AD2d 737 [1999]). Balkin, Hall and Austin, JJ., concur.

Fisher, J.P. (dissenting and voting to reverse the order of disposition insofar as appealed from, and remit the matter to the Family Court, Kings County, for a new dispositional hearing and a new disposition thereafter, with the following memorandum): The order of disposition here was to be made "solely on the basis of the best interests of the child[ren] [with] no presumption that such interests will be promoted by any particular disposition" (Family Ct Act § 631). In the particular circumstances of this case, including the acknowledged fragility of at least one of the subject children who would, pursuant to the dispositional order under review, be uprooted from what has been his home since 2004 when he was three years old, I cannot

agree that the question of the best interests of the children was properly determined without an independent forensic evaluation. I would, therefore, reverse the order of disposition and remit the matter to the Family Court, Kings County, for a new dispositional hearing and a new disposition thereafter (*see Matter of Evelyse Luz S.*, 62 AD3d 595, 597 [2009]).