■ In the Matter of RONALD ANTHONY G., JR. and Another, Children Alleged to be Neglected. RONALD G., Appellant; CATHOLIC GUARDIAN SOCIETY AND HOME BUREAU, Respondent. [941 NYS2d 573]—

Orders of disposition, Family Court, New York County (Susan Knipps, J.), entered on or about January 20 and February 2, 2011, which, to the extent appealed from, upon a fact-finding of permanent neglect, terminated respondent father's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Com-

missioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that respondent failed to plan for his children's future, as he refused to accept his diagnosis of, and seek treatment for, schizophrenia and refused to utilize the shelter system as a pathway to obtaining suitable housing (Social Services Law § 384-b [7] [a], [c]; *Matter of Fernando Alexander B. [Simone Anita W.]*, 85 AD3d 658, 659 [2011]). The agency was not required to exercise reasonable efforts to return the children to respondent, as his parental rights to seven other children had been involuntarily terminated (*see* Family Ct Act § 1039-b [b] [6]; *Matter of Evelyse Luz S.*, 57 AD3d 329, 330 [2008]). In any event, the agency established by clear and convincing evidence that it exercised diligent efforts by referring respondent to mental health treatment programs and encouraging him to use the shelter system in order to obtain suitable housing (*see Matter of Sheila G.*, 61 NY2d 368, 384 [1984]).

A preponderance of the evidence supports the finding that it is in the children's best interests to terminate respondent's parental rights in order to free the children for adoption by their foster parents (*see* Family Ct Act § 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The record shows that respondent is still homeless and has failed to obtain appropriate mental health treatment. By contrast, since birth, the children, now ages four and three, have lived in a loving and stable foster home with foster parents who wish to adopt them and with whom they have bonded (*see Matter of Kie Asia T. [Shaneene T.]*, 89 AD3d 528, 528-529 [2011]). Concur—Friedman, J.P., DeGrasse, Freedman and Abdus-Salaam, JJ.