■ In the Matter of HANNAH T. and Others, Alleged to be Permanently Neglected Children. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSHUA U., Appellant. [945 NYS2d 466]—

Malone Jr., J. Appeal from an order of the Family Court of Schenectady County (Clark, J.), entered June 20, 2011, which granted petitioner's application, in a proceeding pursuant to Social Services Law § 384-b, to adjudicate respondent's children to be permanently neglected, and terminated respondent's parental rights.

Respondent's three children (born in 2004, 2005 and 2007) have been in foster care since 2007, after respondent was incarcerated for committing domestic violence against the children's mother. He was released from jail in March 2008, but reimprisoned in May 2008 on new charges and then again released in January 2011. Meanwhile, petitioner commenced this proceeding in July 2010 seeking to adjudicate the children to be permanently neglected by respondent and to terminate his parental rights.[1] Following a fact-finding hearing, Family Court found that, despite petitioner's diligent efforts, respondent had permanently neglected the children by failing to realistically plan for their future and, following a dispositional hearing, found that the termination of respondent's parental rights was in the children's best interests. Respondent appeals.[2]

The finding of permanent neglect is supported by clear and convincing evidence that respondent failed to realistically plan for his children's future by failing to identify possible resources to take custody of the children while he was incarcerated. Although he initially offered his mother as a potential resource for the children, he retracted that suggestion and offered his sister, but refused to provide her name or contact information to petitioner. After petitioner investigated respondent's mother and sister, respondent was informed that neither woman was an acceptable resource given their histories of involvement in neglect proceedings. At that time, respondent told his caseworker that his plan for the children was simply to "be a good father and work to get the children back upon his release from prison" but for them to remain in foster care until the expiration of his prison sentence. He offered no details regarding this "plan" or how he planned to care for them. This purported plan of long-term foster care was not in the children's best interests and

1. The children's mother surrendered her parental rights as to two of the children and her rights were terminated as to the third child following a separate permanent neglect proceeding.

2. Respondent specifically states in his brief on appeal that he is not contesting Family Court's finding that petitioner made diligent efforts to encourage and strengthen the parent-child relationship.

cannot be considered a realistic plan for their future (*see Matter of Gregory B.*, 74 NY2d 77, 87-90 [1989]; *Matter of Kaiden AA. [John BB.]*, 81 AD3d 1209, 1210-1211 [2011]).

A preponderance of the evidence supports Family Court's finding that the termination of respondent's parental rights in order to free the children for adoption by their foster parents, rather than the entry of a suspended judgment as requested by respondent, was in the children's best interests. The record demonstrates that, upon his release from prison, respondent failed to comply with program recommendations made by his caseworker, failed to adequately care for and supervise his children during visits and repeatedly made inappropriate comments to them about their mother despite warnings from the caseworker, thereby failing to make any progress toward reunification with the children. In addition, respondent, who has a history of chronic substance abuse and mental health issues, remained unemployed and homeless at the time of the dispositional hearing, and lived in a shelter where the children were not permitted to reside. If reunified with the children, he planned to support them through food stamps and other forms of public assistance. By comparison, the record shows that the children—the two oldest of whom have special needs of which respondent has little understanding—have bonded with their foster families, who they have been with since 2007, and that those families diligently attend to the children's needs and strongly desire to adopt them.[3] Upon this record, in which there is no evidence that providing respondent with more time would be of any benefit to the children, we find no basis upon which to disturb Family Court's determination that the termination of respondent's parental rights, rather than the entry of a suspended judgment, was in the children's best interests (*see Matter of Ronald Anthony G. [Ronald G.]*, 94 AD3d 424, 425 [2012]; *Matter of Syles DD. [Felicia DD.]*, 91 AD3d 1054, 1056-1057 [2012], *lv denied* 18 NY3d 810 [2012]).

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**3.** The two older children were placed with one family and the youngest child was placed with the maternal aunt and her family.