■ In the Matter of the Guardianship of DAWNTAL DANIELLE C., a Child Alleged to be Abandoned. DONNA C., Appellant; SPENCE-CHAPIN AGENCY, Respondent.—Final Order of Disposition, Family Court, New York County (Jeffry Gallet, J.), entered on or about January 10, 1990, terminating respondent Donna C.'s parental rights, and awarding custody and guardianship to the Commissioner of Social Services and petitioner for purposes of adoption, after a fact-finding determination on June 20, 1989, that respondent had abandoned her child, unanimously affirmed, without costs.

The subject child was born on January 27, 1984, addicted to methadone, at a time when the respondent mother was incar-

cerated pending murder charges. The child has resided in foster care since birth. The respondent mother pleaded guilty to manslaughter in the second degree and was sentenced to a term of 4 to 12 years incarceration.

The credible evidence at the fact-finding hearing demonstrates that respondent cooperated with the petitioner agency between 1984 until June, 1987, when she was admitted to a work-release program. While she was allowed to leave prison for two-week furloughs, from June 1987 to March 1988, respondent kept only 4 of 18 scheduled visitations with the child. Respondent was reincarcerated in February, 1988, and subsequently failed to write or otherwise contact the agency or her child. After being paroled in April, 1988, respondent failed to communicate with the agency or child and requested no visits for an extended period. We agree with the fact-finding court that respondent's claim that she telephoned the agency on at least three occasions was palpably incredible.

Respondent's removal from the furlough program and her subsequent reincarceration did not excuse her from her obligations to maintain contact with the agency or her child (*Matter of I.R.,* 153 AD2d 559). Further, even if she had made any of the disputed telephone calls, this limited contact alone would not suffice to negate a finding of abandonment (*Matter of Starr L. B.,* 130 Misc 2d 599). The evidence of bonding between the child and her foster parents, which would afford the child the required stability and security which respondent is not able to provide, justified a determination that the best interests of the child required termination of respondent's parental rights so that the child might be freed for adoption. Concur—Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.