■ · In the Matter of Jackee Shertte C., a Child Alleged to be Abandoned. Commissioner of Social Services et al., Respondents; Jeffrey C., Appellant. [703 NYS2d 116] —Order of disposition, Family Court, Bronx County (Stewart Weinstein,

J.), entered on or about February 28, 1997, insofar as appealed from, terminating respondent father's parental rights to the subject child upon a finding of abandonment, and committing the child's custody and guardianship to petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

Respondent testified that he called the caseworker three times and was promised tickets and a map to the agency, and that because the caseworker never sent these items to him, she discouraged him from visiting the child within the meaning of Social Services Law § 384-b (5) (a). Such testimony hardly satisfied respondent's burden of showing that he was unable to maintain contact with the child during the six-month abandonment period or was discouraged from doing so by the agency (*see*, *Matter of Anthony M.*, 195 AD2d 315, 315-316). First, respondent was unable to say that he made the phone calls during the six-month abandonment period. Second, no basis exists for disturbing Family Court's credibility finding that no such phone calls were ever made. Third, even if the phone calls were made, the agency was under no obligation to arrange visitation (*see*, *Matter of Julius P.*, 63 NY2d 477, 481, 484; *Matter of Tasha B.*, 240 AD2d 778, 780), and limited contact of this kind does not suffice by itself to avoid a finding of abandonment (*see*, *Matter of Dawntal Danielle C.*, 170 AD2d 375, 376; *Matter of Baby Boy B.*, 262 AD2d 9). Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.