■ In the Matter of ANDRE W. and Others, Children Alleged to be Abandoned. HOPE IRIS W., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [748 NYS2d 720] —Orders of disposition, Family Court, Bronx County (Ruth Zuckerman, J.), entered on or about April 16, 1999, which, to the extent appealed from, terminated respondent mother's parental rights to the subject children upon a finding of abandonment, and committed care and custody of the children to petitioner agency and the Commissioner of Social Services for purposes of adoption, unanimously affirmed, without costs.

Testimony that respondent failed to visit her children or communicate with either the children or the agency during the six months preceding the filing of the petitions gave rise to a presumption of abandonment that respondent failed to rebut (*see* Social Services Law § 384-b [5] [a], [b]; *Matter of Kareema Monique B.*, 211 AD2d 577, 578). Even if respondent's mother made telephone calls to the agency within the six-month period, the statute requires the *parent* to maintain contact; hence, the grandmother's calls may not be attributed to respondent (*see e.g. Matter of Thomas G.*, 165 AD2d 729, 730; *Matter of Crawford*, 153 AD2d 108, 112).

It was respondent's burden to prove her inability to visit and communicate with her children (*see* Social Services Law § 384-b [5] [a]). Respondent failed to show that either her hospitalization or her alleged inability to make telephone calls by herself "so permeated [her] life that contact was not feasible" (*Matter of Anthony M.*, 195 AD2d 315, 316).

Respondent was not prevented from visiting or communicating with her children during the six months preceding the filing of the petitions. Her argument that the agency should have given her more assistance in contacting her children is unavailing; it is well established that, in an abandonment case, the agency has no obligation to make diligent efforts to encourage and strengthen the parental relationship (*see e.g.* Social Services Law § 384-b [5] [b]; *Matter of Anonymous*, 40 NY2d 96, 99, 102-103; *Matter of Anthony M.*, 195 AD2d at 317).

Lastly, the court properly found that the termination of

parental rights to allow for adoption by the foster mother was in the best interests of the children. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.