■ In the Matter of STEFANIE JUDITH N., an Infant. MELISSA N., Appellant; SAINT DOMINIC's HOME, Respondent. [811 NYS2d 658]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about March 29, 2005, which, upon a finding of abandonment, terminated respondent's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence that respondent had no contact with the child or the agency during the six months preceding the filing of the petition raised a presumption of abandonment, which respondent failed to rebut (Social Services Law § 384-b [4] [b], [5] [a]; *see Matter of Anthony M.*, 195 AD2d 315 [1993]). In light of this presumption, a showing of diligent efforts to locate respondent during the relevant period was not necessary to petitioner's prima facie case; rather, it was respondent's burden to show that there were circumstances rendering contact with the child or agency infeasible, or that she was discouraged from contacting the child by the agency (Social Services Law § 384-b [5] [b]; *see Matter of Anthony M., supra*). No such showing was made. Respondent was not prevented from visiting or communicating with her child during the six months preceding the filing of the petition. Her argument that the agency should have given her more assistance in contacting her children is unavailing. It is well established that, in a case of abandon-

ment, the agency has no obligation to make diligent efforts to encourage and strengthen the parental relationship (*see e.g.* Social Services Law § 384-b [5] [b]; *Matter of Anonymous,* 40 NY2d 96 [1976]). The court properly found that the termination of parental rights to allow for adoption was in the best interests of the child. Concur—Andrias, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.