■ In the Matter of BROOKE LYNNE C., a Child Alleged to be Abandoned. MARIA C., Appellant; NEW YORK FOUNDLING HOSPITAL, as Successor Agency to LAKESIDE FAMILY AND CHILDREN'S SERVICES, Respondent. [836 NYS2d 176]—

Order of disposition, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about March 14, 2006, which, upon a finding of abandonment, terminated respondent mother's parental rights respecting the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence that respondent mother failed to visit or communicate with the child or contact the agency for a period of six months prior to the filing of the petition raised a presumption of abandonment, which respondent failed to rebut (*see* Social Services Law § 384-b [4] [b]; [5] [a]; *Matter of Stefanie Judith N.*, 27 AD3d 403 [2006]). Contrary to respondent's appellate arguments, a showing of diligent efforts to encourage respondent's parental relationship with the child was not essential to petitioner's prima facie case (*see* Social Services Law § 384-b [5] [b]; *Matter of Calvin Raheem Q.*, 287 AD2d 274 [2001]); rather, once petitioner demonstrated abandonment, it was respondent's burden to show that there were circumstances rendering contact with the child or agency infeasible, or to show that the agency discouraged her from contacting the child (*see Matter of Stefanie Judith N.*, 27 AD3d at 403). Respondent, however, did not meet that burden. The court properly concluded that it was in the child's best interests to terminate respondent's parental rights so as to facilitate the child's adoption. Concur—Saxe, J.P., Nardelli, Buckley, Sweeny and Malone, JJ.