■ In the Matter of ELVIS EMIL J.C., JR., and Another, Children Alleged to be Abandoned and Permanently Neglected. PIUS XII YOUTH AND FAMILY SERVICES et al., Respondents; ELVIS EMIL C., Appellant. [841 NYS2d 557]—

Orders of disposition, Family Court, Bronx County (Allen Alpert, J.), entered on or about May 22, 2006, which, upon a finding of abandonment and permanent neglect, terminated respondent father's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of abandonment was based on clear and convincing evidence that during the six months prior to the filing of the petitions, respondent father failed to contact the subject children or agency although able to do so and not prevented or discouraged from doing so by the agency (Social Services Law § 384-b [4] [b]; [5]; *Matter of Anthony M.*, 195 AD2d 315 [1993]). Respondent's testimony that he made attempts to locate his children, and then, that he was prevented by petitioner agency from visiting his children within the statutory time period was uncorroborated and the Family Court's rejection of such testimony is entitled to deference (*Matter of Annette B.*, 4 NY3d 509, 514 [2005]; *Matter of Donelle Thomas M.*, 4 AD3d 137 [2004]). Even accepting respondent's claim that he was in contact with petitioner agency several weeks prior to the petitions being filed, a single communication with the agency does not bar a finding of abandonment (*see Matter of Jackee Shertte C.*, 269 AD2d 229 [2000], *lv denied* 95 NY2d 757 [2000]; *see also Matter of Zagary George Bayne G.*, 185 AD2d 320 [1992], *lv denied* 80 NY2d 760 [1992]).

The finding of permanent neglect was also supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]). Although petitioner agency only ascertained respondent's status as the children's father several months prior to the petitions be-

ing filed, respondent's failure, for almost three years after the children were placed in foster care, to have contact with his children or the agency, although capable of doing so, relieved the agency of the obligation to undertake diligent efforts to strengthen the parental relationship (Social Services Law § 384-b [7] [e]; *Matter of Zagary George Bayne G.*, 185 AD2d at 321-322). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.