■ In the Matter of REGINA A., a Child Alleged to be Abandoned. REGINALD A., Appellant; ABBOTT HOUSE, Respondent, et al., Respondent. [843 NYS2d 207]—

Order of disposition, Family Court, New York County (Rhoda Cohen, J.), entered on or about September 30, 2005, which, to the extent appealed from, upon a finding of abandonment, terminated respondent father's parental rights to the subject child and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence that respondent father failed to contact the child or agency during the six months prior to the filing of the petition raised a presumption of abandonment, which respondent failed to rebut (Social Services Law § 384-b [4] [b]; [5] [a]; *see Matter of Anthony M.*, 195 AD2d 315 [1993]). A showing of diligent efforts to encourage respondent's parental relationship with his child was not essential to petitioner's prima facie case (Social Services Law § 384-b [5] [b]; *Matter of Stefanie Judith N.*, 27 AD3d 403 [2006]). Rather, it was respondent's burden, which he failed to meet, to show that there were circumstances rendering contact with the child or agency infeasible, or that he was discouraged from doing so by the agency (*id.*).

The court properly concluded that it was in the child's best interests to terminate respondent's parental rights so as to facilitate the child's adoption by her foster mother with whom she has lived for almost her entire life (*see Matter of Starlette P.*, 302 AD2d 299 [2003]). The circumstances presented do not warrant a suspended judgment.

The record, including the minutes of a reconstruction hearing held pursuant to an order of this Court, is adequate for meaningful appellate review of respondent's appellate arguments (*see People v Konstantinides*, 295 AD2d 537 [2002], *lv denied* 98 NY2d 769 [2002]). Concur—Lippman, P.J., Mazzarelli, Sullivan, Nardelli and Sweeny, JJ.