■ In the Matter of ELIZABETH AMANDA T. and Another, Children Alleged to be Abandoned. JOSE LUIS T., Appellant; GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent. [843 NYS2d 325]—

Orders, Family Court, New York County (Sara P. Schechter, J.), entered on or about April 5, 2006, which, insofar as appealed from, following a fact-finding determination of abandonment, terminated respondent father's parental rights to the subject children and committed their custody and guardianship to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of abandonment is supported by clear and convincing evidence, including respondent's testimony that he last saw his children in 2001, before their 2002 placement in foster care and more than three years before the filing of the petition; the absence of evidence of any cards, letters, gifts, or financial support from respondent to the children during that period; and the agency's progress notes showing no contact with the agency for more than 20 months before the filing of the petition. Respondent's undocumented and disputed attempts to call the agency on two occasions during the statutory six-month period, which, he asserts, failed because of a language barrier, were "too minimal and half-hearted to preclude a finding of abandonment" (*Matter of Female W.*, 271 AD2d 210 [2000]; *see also Matter of Unique Jaleel S.*, 35 AD3d 250 [2006]; *Matter of Erica C.*, 257 AD2d 445 [1999]). Nor is a finding of abandonment precluded by the fact that the agency did not contact respondent for the purpose of arranging visitation or encouraging him to take the paternity test that Family Court had apparently ordered as a condition to the agency's undertaking any planning with him (Social Services Law § 384-b [5] [b]). A preponderance of the evidence shows that the children are in a stable and caring preadoptive home, have bonded with their foster mother and the other children in the home, and have expressed no desire to see their father, and that termination of respondent's parental rights is in their best interests (*see Unique Jaleel S.*, 35 AD3d at 250). Concur—Saxe, J.P., Marlow, Williams, Sweeny and Malone, JJ.