■ In the Matter of KAIRI JAZLYN F. and Another, Children Alleged to be Abandoned. CARLOS MANUEL F., JR., Appellant; CATHOLIC GUARDIAN SOCIETY et al., Respondents. [857 NYS2d 520]—

Orders, Family Court, New York County (Jody Adams, J.), entered on or about December 4, 2006, which terminated respondent father's parental rights upon findings of abandonment and transferred custody and care of the children to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs.

The findings of abandonment are supported by clear and convincing evidence that the father failed to communicate with the children or agency during the six months immediately preceding the filing of the petition (Social Services Law § 384-b [5] [a]; *Matter of Anthony M.*, 195 AD2d 315 [1993]). The father's minimal and insubstantial contacts with the agency during this period are insufficient to defeat these findings (*see Matter of Elizabeth Amanda T.*, 44 AD3d 507 [2007]; *Matter of Chantelle TT.*, 281 AD2d 660 [2001]). The father's testimony, which conflicted with that of the caseworker and the records of the agency, presented credibility issues for the court, whose assessment is entitled to deference (*see Matter of Donelle Thomas M.*, 4 AD3d 137 [2004]).

In light of the father's insufficient contacts and his failure to plan for the children, as well as the evidence that the children have been together—and thriving—in the same stable and caring preadoptive home for almost their entire lives, the Family Court correctly concluded that termination of respondent's parental rights was in the children's best interests. Contrary to respondent's contention, in these circumstances, a suspended judgment would not have been appropriate (*see Matter of Charlene Lashay J.*, 280 AD2d 320 [2001]; *Matter of Shareal Stacey S.*, 17 AD3d 251 [2005]). Concur—Tom, J.P., Mazzarelli, Andrias and Williams, JJ.