■ In the Matter of AMIN ENRIQUE M., JR. and Another, Children Alleged to be Abandoned. AMIN M., Appellant; LEAKE AND WATTS SERVICES, INC., Respondent. [860 NYS2d 507]—

Orders, Family Court, New York County (Jody Adams, J.), entered on or about April 5, 2007, which, upon a fact-finding determination that respondent father had abandoned the children, terminated his parental rights and committed custody and guardianship to petitioner agency and the New York City Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The findings of abandonment are supported by clear and convincing evidence. Respondent failed to communicate with the children or the agency during the six months immediately preceding the filing of the amended petitions, and admittedly had not contacted them since the children came into petitioner's care in 2004. This gave rise to a presumption of abandonment (Social Services Law § 384-b [5] [a]), which respondent failed to rebut (*Matter of Julius P.*, 63 NY2d 477, 481-482 [1984]; *Matter of Kristian U. F.-K.*, 283 AD2d 199 [2001]). Respondent claimed he did contact the children's foster mother through letters, but his vague and uncorroborated testimony was rejected by the court, whose credibility determination is entitled to deference (*see Matter of Annette B.*, 4 NY3d 509, 514 [2005]; *Matter of Elvis Emil J.C.*, 43 AD3d 710 [2007], *lv denied* 9 NY3d 814 [2007]). Even if respondent's claim were to be credited, these contacts were unsubstantial and insufficient to defeat petitioner's evidence of abandonment (*see Matter of Elizabeth Amanda T.*, 44 AD3d 507 [2007]; *Matter of Kerry J.*, 288 AD2d 221 [2001]).

Respondent's claim that he was denied due process because the court's finding was based on an abandonment period that differed from that specified in the amended petitions is unpreserved for review (*see Matter of Gina Rachel L.*, 44 AD3d 367 [2007]; *Matter of Jessica J.*, 44 AD3d 1132 [2007]). In any event, respondent was not prejudiced by the apparent mistake in the amended petitions identifying the abandonment period as the six months preceding the filing date of the original petitions. All parties agreed that the relevant period was the six months preceding the filing of the amended petitions, and respondent's testimony specifically addressed that period. His vague and unsubstantiated claim that he contacted the foster mother would not have defeated the abandonment claim for the period stated in the petitions (*see Matter of Annette B.*, 4 NY3d 509 [2005], *supra*). Concur—Tom, J.P., Saxe, Friedman, Buckley and Catterson, JJ.