In the Matter of Alyssa M. and Another, Children Alleged to be Permanently Neglected. Carlos A. et al., Appellants; Saint Dominic's Home, Respondent. [869 NYS2d 10]—

Orders of disposition, Family Court, Bronx County (Carol A. Stokinger, J.), entered on or about September 8, 2006, which, inter alia, upon a finding that respondent mother permanently neglected the subject children and that respondent father had been given notice of the proceedings and an opportunity to be heard at the dispositional hearing, terminated the mother's parental rights and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

We note respondent mother does not challenge the finding of neglect. Moreover, the agency made diligent efforts, including developing a realistic plan for the mother, with which she failed to comply.

A preponderance of the evidence demonstrated that termination of the mother's parental rights was in the children's best interests, particularly given the children's expressed preference not to live with their biological parents (*see Matter of Elizabeth Amanda T.*, 44 AD3d 507 [2007]). The record affords no basis to conclude that the children's best interests would have been better served by a suspended judgment rather than termination of parental rights (*see Matter of Jazminn O'Dell P.*, 39 AD3d 235 [2007]; *Matter of Adante A.*, 38 AD3d 243 [2007]; *Matter of Donelle Thomas M.*, 4 AD3d 137 [2004]), and the court's determination was appropriate even if adoption would result in the separation of the children from each other and their half-siblings (*see Matter of Alpacheta C.*, 41 AD3d 285 [2007], *lv denied* 9 NY3d 812 [2007]).

The rights of the father, as a "notice father," were limited to notice of the proceeding and an opportunity to be heard concerning the children's best interests (Social Services Law § 384-c; *see also* Domestic Relations Law § 111), and contrary to the father's contentions, he had ample opportunity to be heard on the issue. The record establishes that the father testified on several occasions during the proceedings, presented evidence as to the best interests of the children at the dispositional hearing, and that his attorney was permitted to participate during that hearing, including by making objections and cross-examining witnesses (*see e.g. Matter of Camperlengo v Barell*, 78 NY2d 674, 681 [1991]). Concur—Tom, J.P., Nardelli, Sweeny, McGuire and DeGrasse, JJ.