■ In the Matter of Isis S., an Infant. Erie County Department of Social Services, Respondent; Steven R., Appellant. [875 NYS2d 701]—

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 22, 2008 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, terminated respondent's parental rights.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order terminating his parental rights on the ground that he abandoned his child. Contrary to the contention of the father, petitioner established by the requisite clear and convincing evidence that he "evince[d] an intent to forego his . . . parental rights and obligations as manifested by his . . . failure to visit the child and communicate with the child or [petitioner], although able to do so" (Social Services Law § 384-b [5] [a]; *see Matter of Tonasia K.*, 49 AD3d 1247 [2008]; *Matter of Timothy H.*, 37 AD3d 1119 [2007], *lv denied* 8 NY3d 813 [2007]). The record before us establishes that the father visited the child on only one occasion during the relevant time period, failed to pay child support despite his ability to do so, and had contact with petitioner only at court appearances. Family Court was entitled to discredit the testimony of the father that he attempted to contact petitioner by telephone (*see Matter of Amin Enrique M.*, 52 AD3d 316 [2008]). Although the record establishes that the father was denied the opportunity to visit with the child on one occasion when he accompanied the child's mother to one of her supervised visits, the record further establishes that neither the agency supervising the mother's visitation nor the caseworker for petitioner who was contacted by that agency at that time was aware that the father was in fact the child's parent, and

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

the caseworker subsequently advised the agency conducting the visitation of that fact. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.