■ In the Matter of BIBIANAMIET L.-M. and Another, Infants. MILEDY L.N. et al., Appellants; CARDINAL McCLOSKEY SERVICES, Respondent. [897 NYS2d 39]—

Order, Family Court, Bronx County (Carol A. Stokinger, J.), entered January 8, 2009, which, insofar as it denied respondents parents' motions to vacate a dispositional order, same court and

Judge, entered on or about September 9, 2008, following an inquest upon their default in appearing at the fact-finding and dispositional hearings, which terminated respondent mother's parental rights to Bibianamiet L.-M. and both respondents' parental rights to Jonathon N. on the ground of abandonment and committed the children's custody to the petitioning agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The Family Court properly exercised its discretion in denying respondents' motions to vacate their default in appearing on September 9, 2008 as they failed to demonstrate a reasonable excuse for the default and a meritorious defense to the abandonment cause of action (*see* CPLR 5015 [a] [1]; *Matter of Robert B. v Tina Q.*, 40 AD3d 473 [2007]).

The parents' purported reliance on an adjourn slip for September 19, 2008 was unreasonable, given that the slip clearly related to a separate neglect proceeding involving the couple's younger child and that the parents appeared in court on March 28, 2008 and July 21, 2008, at which times the September 9 date was selected and confirmed. Even if the photocopy of the adjourn slip annexed to the motion were authentic and caused confusion, it was at odds with the selected and confirmed court dates and the parents should have clarified any resulting confusion, especially where the same excuse had been used in connection with an earlier failure to appear (*see Matter of Nicholas S.*, 46 AD3d 830 [2007]; *Matter of Christian T.*, 12 AD3d 613 [2004]).

Further, a claim for abandonment was established by proof that the parents had no contact with and failed to visit the children in the six-month period preceding the filing of the petition (*see* Social Services Law § 384-b [4] [b]; [5] [a]). The mother's claim that the caseworker did not respect her and was rude to her lacked the requisite specificity and corroboration to support a claim that she was prevented or discouraged from contacting her children by the agency, on which claim she bore the burden (*see Matter of Gloria Marie S.*, 55 AD3d 320 [2008], *lv dismissed* 11 NY3d 909 [2009]; *Matter of Stefanie Judith N.*, 27 AD3d 403 [2006]). The mother's claim that the petitioning agency made an inappropriate referral is unpersuasive as the agency was not required to prove diligent efforts in an abandonment proceeding (*see Matter of Gabrielle HH.*, 1 NY3d 549 [2003]). The father's claim that he failed to visit more frequently because visits were not scheduled and that only supervised visits were allowed, likewise failed to set forth a meritorious defense.

Finally, evidence of the parents' limited post-petition visits are insufficient to disturb the disposition (*see Matter of Dennisha Shavon C.*, 295 AD2d 123 [2002]). Concur—Gonzalez, P.J., Saxe, McGuire, Acosta and Abdus-Salaam, JJ.