■ In the Matter of SHANE CHAYANN ORION S., an Infant. DEXTER F., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [912 NYS2d 46]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about March 4, 2009, which determined that the consent of respondent was not required for placement of his son for adoption, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent biological father failed to show entitlement to consent to the child's adoption (see Domestic Relations Law § 111 [1] [d]). After providing support for the child for about a year, respondent successfully moved to be relieved of this obligation, and he thereafter failed to provide substantial and continuous financial support (see *Matter of Maxamillian*, 6 AD3d 349, 351 [2004]), other than modest gifts and clothing.

The evidentiary rulings at the parent status conference hearing were proper. "A Trial Judge necessarily is vested with broad discretion to determine the materiality and relevance of proposed evidence" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929 [1980]). Contrary to respondent's assertion, the court did not improvidently exercise its discretion in refusing to admit in evidence the list allegedly reflecting his partial payments to-

ward his child support obligations. Since the proffered document was uncertified, his counsel was required to establish a proper foundation for its admission through testimony, which she failed to do (*see* Family Ct Act § 1046 [a] [iv]).

The court correctly precluded photographs allegedly depicting respondent with his son, and the testimony of two witnesses on respondent's behalf. His counsel failed to show that these photographs and testimony were "competent, material and relevant" (Family Ct Act § 1046 [b] [iii]) in deciding the issue of whether this child could be freed for adoption without respondent's consent.

"Any court in considering questions of child custody must make every effort to determine 'what is for the best interest of the child, and what will best promote its welfare and happiness' " (*Eschbach v Eschbach*, 56 NY2d 167, 171 [1982], quoting Domestic Relations Law § 70 [a]). Given a record showing that the foster parent has provided this child with a stable, loving home for most of his life and that he has thrived under such care, Family Court correctly determined it was in the child's best interest to be freed for adoption by this foster parent (*see Matter of Luz Maria V.*, 23 AD3d 192, 194 [2005], *lv denied* 6 NY3d 710 [2006]). Concur—Sweeny, J.P., Catterson, Moskowitz, Renwick and Richter, JJ.