In the Matter of JASIAIA LEW R., Also Known as JISIAH R., a Child Alleged to be Abandoned. AYLYN R., Appellant; CATHOLIC GUARDIAN SOCIETY & HOME BUREAU, Respondent. [957 NYS2d 42]—

Clear and convincing evidence established that respondent failed to visit or communicate with the child or the agency for the six-month period immediately preceding the filing of the petition, which gave rise to a presumption of abandonment (see Social Services Law § 384-b [5] [a]; Matter of Omar Saheem Ali J. [Matthew J.], 80 AD3d 463 [1st Dept 2011]; Matter of Chaka F., 220 AD2d 310 [1st Dept 1995]). The agency's caseworker provided credible testimony that during the relevant time period, respondent never visited the child at the agency, never

contacted the agency concerning the child, and did not attend a visit scheduled for a drug treatment referral, at which time she was to have also seen the child. The lone contact between respondent and the child during the relevant time period was initiated by the foster mother so as to obtain respondent's permission to take the child on a vacation. Respondent's claim that she once visited the child at the foster mother's home was uncorroborated, as were her claims that she called the foster mother several times concerning the child and that she once sent a friend to deliver clothing and money. The court's rejection of respondent's testimony is entitled to deference (*see Matter of Jared S. [Monet S.]*, 78 AD3d 536 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]). Moreover, even assuming the veracity of respondent's claims, such efforts constituted only sporadic minimal contacts that were insufficient to preclude a finding of abandonment (*see Matter of Elvis Emil J.C.*, 43 AD3d 710 [1st Dept 2007], *lv denied* 9 NY3d 814 [2007]; *Matter of Female W.*, 271 AD2d 210 [1st Dept 2000]).

Respondent's arguments that her parental rights should not have been terminated and that the petition should have been dismissed are raised for the first time on appeal (*see Matter of Matthew Niko M. [Niko M.]*, 85 AD3d 544 [1st Dept 2011]). In any event, a preponderance of the evidence established that it was in the child's best interest to terminate respondent's parental rights so that he could be freed for adoption by his foster mother, the only parent he has ever known (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Concur—Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ.