Order, Family Court, Bronx County (Gayle E Roberts, J.), entered on or about August 22, 2012, which denied respondent father’s motion to vacate an order, which, upon his default in failing to appear at the fact-finding hearing, terminated his parental rights on the grounds of abandonment, unanimously affirmed, without costs.
Family Court properly exercised its discretion in denying respondent’s motion to vacate the order terminating his parental rights upon his default because he failed to demonstrate a reasonable excuse for his absence from the court’s May 17, 2011 proceeding and a meritorious defense to the abandonment allegation (see Matter of Cain Keel L. [Derzerina L.], 78 AD3d 541 [2010], lv dismissed 16 NY3d 818 [2011]). Respondent’s proffered excuse that he was in Part 43 of the Family Court in reliance on the permanency hearing notice was unrea *752 sonable, since he was in court when the fact-finding hearing was scheduled for May 17, 2011 at 2:00 p.m. in Part 1. However, the notices on which respondent claims to have relied indicate that the permanency hearings were scheduled for 10:30 a.m. If respondent had indeed shown up at Part 43 at 10:30 a.m., he would have learned prior to 2:00 p.m. that he was not at the correct Part. In any event, a conclusory statement that a respondent was confused as to the date or time of a hearing is not a reasonable excuse for failure to appear (see Matter of Jaynices D. [Yesenia Del V.], 67 AD3d 518 [1st Dept 2009]; Matter of Gloria Marie S., 55 AD3d 320 [1st Dept 2008], lv dismissed 11 NY3d 909 [2009]). Prior to his default, respondent had also failed to appear at two of the five scheduled hearings without any explanation for such failure to appear.
The record also demonstrates by clear and convincing evidence that respondent abandoned the children. His assertion that he visited them when he was “in the neighborhood and called, at a minimum, on holidays and birthdays” established nothing more than sporadic and minimal attempts to maintain a parental relationship, which are insufficient to prevent a finding of abandonment (see Matter of Ravon Paul H., 161 AD2d 257 [1st Dept 1990]; see also Matter of Elvis Emil J.C., 43 AD3d 710 [1st Dept 2007], lv denied 9 NY3d 814 [2007]). Concur— Gonzalez, PJ., Mazzarelli, Acosta and Renwick, JJ.