■ In the Matter of SJUQWAN ANTHONY ZION PERRY M., an Infant. CHARNISE ANTONIA M. et al., Appellants; LUTHERAN SOCIAL SERVICES FOR METROPOLITAN NEW YORK et al., Respondents. [975 NYS2d 387]——

Order of disposition, Family Court, New York County (Susan Knipps, J.), entered on or about March 28, 2011, which, upon a finding that respondent mother violated the terms of a suspended judgment, terminated the mother's parental rights and, upon the additional finding that respondent father's consent was not required for the adoption of the subject child, committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The father failed to demonstrate that he provided the child with fair and reasonable financial support, according to his means. Therefore, even assuming he visited regularly, he failed to satisfy the requirements of "consent father" under Domestic Relations Law § 111 (1) (d) (*see Matter of Latricia M.*, 56 AD3d 275 [1st Dept 2008], *lv denied* 12 NY3d 705 [2009]). As a "notice father," his rights were limited to notice of the proceedings and an opportunity to be heard concerning the child's best interests, which he received (*see Matter of Alyssa M.*, 55 AD3d 505 [1st Dept 2008]).

The record supports the court's finding that the mother failed to comply with the terms and conditions of the suspended judgment by failing to obtain suitable housing for the child during

the term of the suspended judgment (*see Matter of Gianna W. [Jessica S.]*, 96 AD3d 545 [1st Dept 2012]; *Matter of Kendra C.R. [Charles R.]*, 68 AD3d 467 [1st Dept 2009], *lv dismissed in part, denied in part* 14 NY3d 870 [2010]). During that period, the mother continued to reside in shelter housing for couples with the father. Although she located an apartment after the expiration of the term of the suspended judgment, the court properly determined that her anticipated move to an apartment with the father, who continued to abuse drugs and refuse treatment, would not provide suitable housing for the child. Thus, the mother failed to demonstrate that she had made any progress in overcoming the specific problems that led to the child's removal (*see Matter of Jonathan J.*, 47 AD3d 992 [3d Dept 2008], *lv denied* 10 NY3d 706 [2008]). Nor does the record present "exceptional circumstances" that would warrant a one-year extension of the suspended judgment (*see* Family Ct Act § 633 [b]).

A preponderance of the evidence supports the court's conclusion that the termination of the mother's parental rights, and adoption by the kinship foster mother, with whom the child had resided since birth with his three half-siblings, is in the child's best interests (*see Matter of Mykle Andrew P.*, 55 AD3d 305 [1st Dept 2008]; *Matter of Elizabeth Amanda T.*, 44 AD3d 507 [1st Dept 2007]). Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ.