■ In the Matter of RUTH R., and Others, Infants. DIANA P., Appellant; MERCYFIRST, Respondent, et al., Respondent. [981 NYS2d 918]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about June 25, 2013, which denied respondent mother's motion to vacate orders of fact-finding and disposition entered upon her default, inter alia, terminating her parental rights upon a finding that she abandoned the subject children, unanimously affirmed, without costs.

Respondent argues that the court lacked personal jurisdiction over her. However, it is undisputed that she was personally served with the summons and petition. She did not raise any jurisdictional objection in support of her motion to vacate, and has not demonstrated on appeal that the summons and petition lacked any of the required statutory notices (Social Services Law § 384-b [3] [e]; *see Matter of David John D.*, 38 AD3d 661 [2d Dept 2007]). Respondent's contention that she did not receive notice of the date on which a default could be taken against her is belied by the record, which demonstrates that she was served with the summons and petitions directing her to appear on March 30, 2012, and that her assigned counsel was advised of the adjourned date of May 3, 2012. Nevertheless, respondent did not appear or contact the court or her attorney at any time.

We agree with Family Court that respondent failed to demonstrate a reasonable excuse for her default and a meritorious defense to the petitions (*see* CPLR 5015 [a] [1]; *Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428 [1st Dept 2010], *lv dismissed* 15 NY3d 766 [2010]). Respondent submitted documentation showing that she was in the hospital on May 3, 2012, but provided no details as to her alleged inability to communicate during that time (*see id.* at 429). Her vague assertion in defense of the allegation of abandonment, that she visited with the children to the best of her physical and mental ability and based upon the availability of visitation, lacked detail sufficient to demonstrate that she maintained contact with the

children or the agency during the relevant time period (*see Matter of Jordan Anthony H. [Melissa Ann S.]*, 103 AD3d 465 [1st Dept 2013]; *Matter of Alec B.*, 34 AD3d 1110 [3d Dept 2006]). Nor did respondent demonstrate an inability to visit and communicate with her children during the relevant period (*see Matter of Andre W.*, 298 AD2d 206 [1st Dept 2002]). Contrary to her contention, in a case of abandonment, the agency has no obligation to make diligent efforts to encourage and strengthen the parental relationship (*Matter of Stefanie Judith N.*, 27 AD3d 403 [1st Dept 2006]).

In any event, a preponderance of the evidence shows that it is in the children's best interests to be freed for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Isabella Star G.*, 66 AD3d 536, 537 [1st Dept 2009]). There is no evidence that, at the time of the disposition, respondent was in a position to care for the children.

We have considered respondent's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Andrias, DeGrasse and Richter, JJ.