■ In the Matter of NADINE NICKY McD. and Another, Children Alleged to be Abandoned. VERNICE H., Appellant; THE CHILDREN'S VILLAGE, Respondent. [28 NYS3d 301]—

Order, Family Court, Bronx County (Linda B. Tally, J.), entered on or about September 10, 2014, which, to the extent appealed from, upon a finding that respondent mother had abandoned the subject children, terminated her parental rights to the children and committed the custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of abandonment is supported by clear and convincing evidence that the mother failed to communicate with the agency during the six months immediately preceding the filing of the petitions (Social Services Law § 384-b [4] [b]; [5] [a]).

The mother's minimal and insubstantial contacts with the agency during this period were insufficient to defeat this finding (see Matter of Kairi Jazlyn F., 50 AD3d 602, 602 [1st Dept 2008]). Although the subject children relocated to Delaware with their foster parents, the mother continued to have an obligation to maintain contact with the agency, and her failure to do so manifested an intent to forgo her parental obligations (see Matter of Alexa L. [Nilza L.], 79 AD3d 1290, 1291-1292 [3d Dept 2010]).

Petitioner was not required to show that it had made diligent efforts to encourage the mother's parental relationship with her children (Matter of Ruth R. [Diana P.], 115 AD3d 531, 532

[1st Dept 2014]). Rather, it was the mother's burden, which she failed to meet, to show that she had been unable to contact the agency or that the agency had prevented or discouraged her from doing so (*see Matter of Regina A.*, 43 AD3d 725, 725 [1st Dept 2007]; *see also* Social Services Law § 384-b [5] [a]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.