# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**364**
**CAF 15-01702**
PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF MADELYNN T.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

REBECCA M., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

AMBER R. POULOS, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered September 4, 2015 in a proceeding pursuant to Social Services Law § 384-b. The order, among other things, adjudged that respondent had abandoned the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that terminated her parental rights with respect to her daughter on the ground of abandonment. We affirm.

Social Services Law § 384-b (5) (a) provides that "a child is 'abandoned' by his [or her] parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency." A child is deemed abandoned when the parent engages in such behavior "for the period of six months immediately prior to the date on which the petition [for abandonment] is filed" (§ 384-b [4] [b]). "In the absence of evidence to the contrary, such ability to visit and communicate shall be presumed" (§ 384-b [5] [a]). Here, the mother does not dispute that she failed to maintain contact for the statutory period, but she contends that her period of hospitalization and her repeated drug abuse constitute valid defenses to the claim of abandonment. We reject that contention.

"In the abandonment context, '[a] court shall not require a showing of diligent efforts, if any, by an authorized agency to encourage the parent to perform the acts specified in paragraph (a) of

                                                   CAF 15-01702

this subdivision' " (*Matter of Gabrielle HH.*, 1 NY3d 549, 550, quoting Social Services Law § 384-b [5] [b]; *see Matter of Lundyn S. [Al-Rahim S.]*, 128 AD3d 1406, 1407; *Matter of Angela N.S. [Joshua S.]*, 100 AD3d 1381, 1382). "Rather, it was [the mother's] burden, which [she] failed to meet, to show that there were circumstances rendering contact with the child or agency infeasible, or that [she] was discouraged from doing so by the agency" (*Matter of Regina A.*, 43 AD3d 725, 725; *see Matter of Miranda J. [Jeromy J.]*, 118 AD3d 1469, 1470). "Hospitalization . . . does not automatically excuse a parent from maintaining the contacts required under the Social Services Law" (*Matter of Crystal C.*, 219 AD2d 601, 602), and the mother failed to submit any supporting documentary evidence to substantiate the length, severity, or extent of her purported illness and hospitalization (*see Matter of Ruth R. [Diana P.]*, 115 AD3d 531, 531-532; *see generally Matter of I.R.*, 153 AD2d 559, 560). In our view, the mother "failed to show that . . . her hospitalization . . . 'so permeated [her] life that contact was not feasible' " (*Matter of Andre W.*, 298 AD2d 206, 206; *see Matter of Christina S.*, 251 AD2d 982, 982-983).

After the mother was released from her hospitalization, her only attempt at establishing any contact with the child or petitioner was a vague request for the child's grandmother to obtain the relevant contact information for her. Even assuming, arguendo, that the grandmother obtained the relevant contact information from petitioner on behalf of the mother, "we conclude that such 'insubstantial contact [was] insufficient to defeat the claim of abandonment' " (*Lundyn S.*, 128 AD3d at 1407; *see Matter of Nadine Nicky McD. [Vernice H.]*, 138 AD3d 495, 495; *Miranda J.*, 118 AD3d at 1470). The mother further contends that she never followed up on that request because she was "actively using" drugs, which had the effect of "disturb[ing her] mind," and that the intensity of her addiction demonstrates that her drug use "permeate[d] her life." We reject that contention and conclude that the mother's vague and conclusory testimony "failed to establish that her alleged health problems and other hardships 'permeated [her] life to such an extent that contact was not feasible' " (*Matter of Dahata R.*, 278 AD2d 894, 894; *see Ruth R.*, 115 AD3d at 531-532).

Finally, the mother's period of incarceration does not excuse her failure to contact the child or petitioner (*see Matter of Lindsey B.*, 16 AD3d 1078, 1078; *Matter of Ashton*, 254 AD2d 773, 773, *lv denied* 92 NY2d 817) and, insofar as there appears to have been a week prior to the filing of the petition when the mother was not incarcerated, there is no evidence in the record of any attempt by the mother to contact or communicate with petitioner, the child, or the child's foster parents during that time (*see generally Matter of Stephen UU. [Stephen VV.]*, 81 AD3d 1127, 1129, *lv denied* 17 NY3d 702).

Entered: March 31, 2017                          Frances E. Cafarell
                                                 Clerk of the Court