Matter of Wu-Dao W.Z. (Brandis Ada N.) (2021 NY Slip Op 02888)





Matter of Wu-Dao W.Z. (Brandis Ada N.)


2021 NY Slip Op 02888


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Docket No. B-16154/18 Appeal No. 13765 Case No. 2019-05564 

[*1]In the Matter of Wu-Dao W.Z., a Child Under the Age of Eighteen Years, etc., Children's Aid Society et al., Petitioners-Respondents, Brandis Ada N., Respondent-Appellant.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Rosin Steinhagen Mendel PLLC, New York (Douglas H. Reiniger of counsel), for respondents.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about November 8, 2019, which, upon a finding of abandonment and permanent neglect, terminated respondent mother's parental rights to the subject child and transferred custody of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of abandonment was supported by clear and convincing evidence, including petitioner agency's case record and the testimony of its caseworker, which, at best, showed only "sporadic and minimal attempts" by the mother to communicate with the agency or otherwise inquire about the child's care and well-being during the relevant time period (see Matter of Jahnel B. [Carlene Elizabeth B.], 143 AD3d 416 [1st Dept 2016]; Social Services Law § 384-b[4][b],[5][a]).
The court properly excused the petitioning agency from proving diligent efforts and clear and convincing evidence supports the finding of abandonment and permanent neglect (see Matter of Bibianamiet L.-M. [Miledy L.N.], 71 AD3d 402, 403 [1st Dept 2010]; see also Matter of Jackie Ann W. [Leticia Ann W.], 154 AD3d 459, 461 [1st Dept 2017]).
A preponderance of the evidence demonstrated that termination of the mother's parental rights was in the best interest of the child, who has been living with his foster mother for much of his life (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The foster mother wishes to adopt the child and meets the child's special needs (see Matter of Fernando Alexander B. [Simone Anita W.], 85 AD3d 658, 659 [1st Dept 2011]; Matter of Shane Chayann Orion S. [Dexter F.], 79 AD3d 430, 431 [1st Dept 2010]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021