Matter of B.W. (N.W.) (2023 NY Slip Op 01153)

Matter of B.W. (N.W.)

2023 NY Slip Op 01153

Decided on March 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 02, 2023

Before: Moulton, J.P., González, Scarpulla, Shulman, JJ. 

Docket No. B3285/21 Appeal No. 17444 Case No. 2022-02538 

[*1]In the Matter of B.W., and Another, Children Under Eighteen Years of Age, etc., N.W., Respondent-Appellant, Rising Ground, Petitioner-Respondent.

Carol L. Kahn, New York, for appellant.
Rosin Steinhagen Mendel PLLC, New York (Douglas H. Reiniger of counsel), for respondent.
Steven P. Forbes, Huntington, attorney for the children.

Order, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about March 3, 2022, which, to the extent appealable and as limited by the briefs, brings up for review a fact-finding order, same court (Michael R. Milsap, J.), entered on or about December 22, 2021, which found, after a hearing, that respondent mother permanently neglected and abandoned the subject children, unanimously affirmed, without costs.
Clear and convincing evidence supported the determination that the mother had abandoned the children by failing to visit or communicate with the children or the agency for the six months immediately prior to the filing of the petition, although she was able to do so and not prevented or discouraged from doing so by the agency (see Social Services Law § 384-b [3] [g] [i]; [4] [b]; [5] [a]). The mother's limited contacts with the children during the relevant period were too sporadic and insubstantial to defeat the finding of abandonment (see Matter of Messiah C.T. [Eusebio C.T.], 180 AD3d 544 [1st Dept 2020]). The credible evidence belied the mother's contentions that the foster mother told her that there was an order of protection prohibiting her from contact with the children and that she did not maintain contact with the agency because there was no case planner assigned to her case (see Matter of Irene O., 38 NY2d 776 [1975]; Matter of Salma M., 294 AD2d 198 [1st Dept 2002]). In any event, at all relevant times, the mother was aware that the children were placed with the agency, and residing in the home of their maternal grandmother, and her failure to maintain contact with the agency constituted a manifestation of intent to forego parental rights (see Matter of Nadine Nicky McD. [Vernice H.], 138 AD3d 495 [1st Dept 2016]).
The finding of permanent neglect is also supported by clear and convincing evidence that the agency made diligent efforts to strengthen the parental relationship by, among other things, scheduling visitation and providing the mother with referrals for appropriate services, and that despite those efforts, the mother failed to plan for the children's future during the relevant time period (see Social Services Law § 384-b[7][a]). Among other things, the mother failed to complete a drug treatment program or comply with any portion of her service plan (see Matter of Bryce Raymond R. [Ann M.], 162 AD3d 522, 523 [1st Dept 2018]), and seemed to show little insight into why she was referred for services. The mother failed to attend scheduled visits and was inattentive during virtual visits (see Matter of Calvario Chase Norall W. [Denise W.], 85 AD3d 582 [1st Dept 2011]). The mother was hostile toward agency staff, telling them to stop contacting her, and resisted the agency's efforts to engage her in planning for the children. The mother's various excuses for her failure to comply with services and visitation were speculative and otherwise unsupported by the credible evidence.
We have considered the mother's remaining arguments [*2]and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2023