Matter of Cherie D. R. (Keith M. R.) (2024 NY Slip Op 04626)

Matter of Cherie D. R. (Keith M. R.)

2024 NY Slip Op 04626

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Docket No. B-7446/22 V-8750/23 Appeal No. 2628 Case No. 2024-00592 

[*1]In the Matter of Cherie D. R., A Dependent Child Under the Age of Eighteen Years, Keith M. R., Respondent-Appellant, Cardinal McCloskey Community Services, Petitioner-Respondent. 

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Geoffrey P. Berman, Larchmont, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about December 11, 2023, which denied respondent father's motion for summary judgment dismissing the petition for termination of his parental rights, unanimously affirmed, without costs.
In support of his motion to dismiss the petition, which was based on abandonment (Social Services Law § 384-b[4][b]) and permanent neglect (Social Services Law § 387-b[7][a]), the father submitted an affidavit with some supporting evidence to show that the reason he was not in communication or contact with the child or agency during the six months preceding the filing of the petition was that she had been wrongfully abducted by her mother from the United Kingdom in September 2018. As a result, the father asserted, he had been unable to locate the child despite his persistent efforts, including contacting the local police, searching social media, and seeking legal advice.
A parent can rebut the inference of abandonment arising from the parent's failure to communicate with the child by proving that he was "unable to maintain contact with the child" because he could not determine her whereabouts with diligent efforts (see Matter of Michael T.J.K. [Alicia R.], 168 AD3d 545, 545 [1st Dept 2019]; Matter of Anthony M., 195 AD2d 315, 316 [1st Dept 1993]). Similarly, the statutory requirements of permanent neglect can be rebutted by a showing that the parent's lack of contact and planning for the child's future was due to an inability to ascertain the physical location of the child (see Social Services Law § 387-b[7][a]).
The affidavit and limited documentation submitted by the father raised a defense to the petition which appears valid. Nevertheless, summary judgment dismissing the petition was not warranted, as questions of fact exist as to whether, despite his diligent efforts, the father was unable to communicate with or plan for the child's future (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Matter of Michael T.J.K., 168 AD3d at 545; Matter of Anthony M., 195 AD2d at 316). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024