Matter of CaAliyah W-N. A. (2025 NY Slip Op 01186)

Matter of CaAliyah W-N. A.

2025 NY Slip Op 01186

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Docket No. B-18523/19|Appeal No. 3806|Case No. 2024-02063|

[*1]In the Matter of CaAliyah W-N. A., A Child Under Eighteen Years of Age, etc., Rising Ground, Petitioner-Respondent, Carl A., Respondent-Appellant.

Steven P. Forbes, Huntington, for appellant.
John R. Eyerman, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Cynthia Lopez, J.), entered on or about February 28, 2024, which, after fact-finding and dispositional hearings, found that respondent father had permanently neglected the subject child, terminated the father's parental rights to the child, and transferred custody of the child to the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.
The finding that the father permanently neglected the child is supported by clear and convincing evidence (Social Services Law § 384-b[7][a]). The evidence presented established that petitioner made diligent efforts to assist the father in planning for the child's future, despite the challenges posed by his continuous incarceration (Social Services Law § 384-b; see Matter of Jamie M., 63 NY2d 388, 393 [1984]). Petitioner's progress notes and the testimony of its case planner established that it maintained regular contact with the father by sending him letters with updates regarding the child, seeking his input and consent on medical and educational matters, and arranging phone contact between him and the child (see Matter of Hailey ZZ. [Rick ZZ.], 19 NY3d 422, 427 [2012]; Matter of Phillip DeJohne E., 279 AD2d 360, 360 [1st Dept 2001]). The finding of permanent neglect was also supported by clear and convincing evidence that the father failed to plan for the future of the child, as the father's suggested planning resources were not viable (see Matter of Phillip DeJohne E., 279 AD2d at 360; see also Matter of "Male C.", 22 AD3d 250, 250 [1st Dept 2005]).
A preponderance of the evidence demonstrates that it was in the child's best interests to terminate the father's parental rights and free the child for adoption (see Matter of Alyssa M., 55 AD3d 505, 506 [1st Dept 2008]; see also Matter of Taaliyah Simone S.D., 28 AD3d 371, 371 [1st Dept 2006]). The child, who was 16 years old at the time of the dispositional hearing, repeatedly expressed their preference to have no contact with the father. Nor has the child expressed any desire to remain with the father's family, but rather, wishes to be freed for adoption. Moreover, the agency is ensuring that the child's educational, emotional, and physical needs are being met.
We have considered the father's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025